**Kenneth and Charla HALL, Appellants**

**v.**

**David PROVOST, M.D., Appellee.**

**No. 05–06–00152–CV.**

Court of Appeals of Texas, Dallas.

Sept. 5, 2007.

Amanda B. Patty, William Kelly Puls, Puls, Taylor & Woodson, L.L.P., Fort Worth, TX, for Appellant.

Linda Stimmel, Kenneth W. Braxton, Stewart & Stimmel, L.L.P., Brenda Neel Hight, Fletcher & Springer, L.L.P., Dallas, TX, for Appellee.

Before Justices MOSELEY, O'NEILL, and FITZGERALD.

### OPINION

Opinion by Justice O'NEILL.

Appellants Kenneth and Charla Hall filed suit against David Provost, M.D., Parkland Health & Hospital System, and Parkland Health & Hospital System Auxiliary for complications resulting from gastrointestinal bypass surgery.[1] Dr. Provost

---

1. After Dr. Provost filed his motion to dismiss, the Halls amended their petition to include

filed a motion to dismiss pursuant to Texas Civil Practice and Remedies Code section 101.106(f), which the trial court granted. In two issues, the Halls assert (1) the trial court erred in dismissing the suit because their claims could not have been brought "under" the Texas Tort Claims Act, and (2) the trial court's dismissal under section 101.106(f) violates the Open Courts provision of the Texas Constitution. We reverse and remand.

## Background

On April 24, 2003, Charla entered Parkland Health & Hospital System for gastrointestinal bypass surgery, which Dr. Provost performed. She remained in the hospital until April 29, 2003. On May 7, 2003, she began experiencing extreme abdominal pain and was transported back to Parkland by her husband. Charla was then diagnosed with peritonitis caused by a leak in the bypass. She underwent emergency surgery for the leak and then had another surgery on May 15, 2003. On May 29, 2003, Charla was again taken into surgery to perform a tracheostomy. She remained in the Surgical Intensive Care Unit for 275 days and was discharged on March 18, 2004.

Appellants filed suit against Dr. Provost alleging the following negligent acts or omissions:

(1) Failing to properly evaluate the post-surgical condition of plaintiff;

(2) Failing to identify the cause of plaintiff's enlarged abdomen following the surgical procedure;

(3) Discharging plaintiff following the surgical procedure despite plaintiff's condition; and

(4) Failing to properly identify the leak in the bypass caused during the abdominal surgical procedure.

The University of Texas Southwestern Medical Center at Dallas.

Dr. Provost filed a motion to dismiss under section 101.106(f) of the Texas Civil Practice and Remedies Code, commonly referred to as the Texas Tort Claims Act. The trial court granted his motion. This appeal followed.

## Standard of Review

The facts related to whether this suit could have been brought under the Texas Tort Claims Act against the governmental unit are not in dispute. Thus, the determination of whether the claim could hypothetically have been brought against the governmental unit is a question of law. Questions of law and the application of law to the undisputed facts are subject to de novo review. *Ferry v. Sackett,* 204 S.W.3d 911, 912 (Tex.App.-Dallas 2006, no pet.).

## Section 101.106 of the Texas Tort Claims Act

Section 101.106 of the Texas Civil Practice and Remedies Code is part of the Texas Tort Claims Act and is entitled "Election of Remedies." Tex. Civ. Prac. & Rem.Code Ann. § 101.106 (Vernon 2005). Here, Dr. Provost relied on section 101.106(f) for his motion to dismiss, which specifically provides the following:

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or

before the 30th day after the date the motion is filed.

*Id.* § 101.106(f). Therefore, to be entitled to dismissal under section 101.106(f), a defendant must show the plaintiff's suit (1) was based on conduct within the general scope of the defendant's employment with a governmental unit and (2) could have been brought under the Texas Tort Claims Act against the governmental unit. *Id.; Phillips v. Dafonte,* 187 S.W.3d 669, 675 (Tex.App.-Houston [14th Dist.] 2006, no pet.).

Appellants do not dispute that Dr. Provost met the first requirement of section 101.106(f). He submitted an affidavit stating, "I am currently and continuously have been since 2003, an employee of The University of Texas Southwestern Medical Center at Dallas, Texas in the Department of Surgery. At all times during the care and treatment of Charla Hall, I was acting within the general scope of my employment with The University of Texas Southwestern Medical Center." However, Dr. Provost's motion to dismiss makes no showing of the second requirement—that Charla's claims could have been brought against a governmental unit under the Texas Tort Claims Act. His motion simply states the "allegations against Defendant David Provost, M.D. are clearly within the description of actions identified in TCPRC Section 101.021 which could be brought against Dr. Provost's employer as a governmental unit of the State."

The Texas Tort Claims Act waives sovereign immunity in three areas: (1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by a condition or use of tangible personal or real property; and (3) injury caused by a premise defect. TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.021–.022 (Vernon 2005). In her petition, Charla alleges Dr. Provost failed to exercise reasonable care in pro-

viding medical treatment by (1) failing to properly evaluate her post-surgical condition, (2) failing to identify the cause of her enlarged abdomen, (3) discharging her despite this condition, and (4) failing to properly identify the leak in the bypass caused during the procedure. Such claims are simply medical malpractice claims and are not encompassed by the Texas Tort Claims Act's limited waiver of sovereign immunity. *See id.* She has not alleged her injury was caused by a "condition or use of tangible or real property." Likewise, Dr. Provost has not provided any evidence that a condition or use of any tangible property by a governmental unit caused the injury for which she sues.

Courts have concluded in such situations that dismissal of the doctor is inappropriate. In *Phillips v. Dafonte,* several doctors appealed the trial court's denial of their motion to dismiss under section 101.106(f). *Phillips,* 187 S.W.3d at 672. The plaintiff brought suit against the doctors for failing to convey the results of a cancerous breast biopsy. *Id.* It was undisputed that the doctors were salaried employees of the hospital and acting within the scope of their employment when treating the plaintiff. *Id.* at 675–76. However, the court recognized it is not enough that a plaintiff's allegations may be within the general scope of the doctor's employment; the claim must also be one that could have been brought under the Texas Tort Claims Act against the governmental unit. *Id.* at 676. The real substance of plaintiff's complaint against the doctors was their intentional or negligent failure to communicate a diagnosis to her. *Id.* Thus, the doctors could not establish that they "used" tangible property to cause her injury. *Id.* Because the suit could not be brought against the hospital under the Texas Tort Claims Act, the trial court did not err in denying the motion to dismiss. *Id.*

In *Williams v. Nealon,* a plaintiff filed suit against a doctor for complications from gall bladder surgery, alleging "Defendants violated the duty owed to Plaintiff to exercise the ordinary care and diligence exercised by other physicians and/or health care providers in the same or similar circumstances in connection with the subject treatment and was negligent." *Williams v. Nealon,* 199 S.W.3d 462, 464 (Tex.App.-Houston [1st Dist.] 2006, pet. filed). Defendant doctor filed a motion to dismiss, which the trial court granted. *Id.* On appeal, the court concluded such a claim was "quite simply, a claim of medical negligence and is not encompassed by the Texas Tort Claims Act's limited waiver of sovereign immunity." *Id.* at 466. Because medical negligence was the basis of the claim, the doctor could not establish the second prong of section 101.106(f). *Id.* Thus, the trial court improperly granted the motion to dismiss. *Id.* at 467.

Appellants' petition alleges medical malpractice claims, similar to those facts in both *Phillips* and *Williams,* that essentially encompass Dr. Provost's failure to properly diagnosis Carla's condition before dismissing her from the hospital. These allegations do not assert that her injuries were caused by use of tangible personal or real property such that her claims could have been brought against a governmental unit or entity under the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021, .106(f). *But see Tejada v. Rowe,* 207 S.W.3d 920, 925 (Tex.App.-Beaumont 2006, pet. filed) (holding use of drug Pitocin and forceps in delivery of babies, which resulted in cerebral palsy, was use of tangible property establishing that claim could have been brought against hospital as governmental entity).

Dr. Provost argues that because appellants amended their original petition to include UT Southwestern, they confirmed "the case could be brought against Dr. Provost's employer UT Southwestern" and acquiesced that "Appellants are alleging Dr. Provost's negligent conduct in providing medical treatment during ... surgery could be brought against the governmental entity." This argument is without merit.

Dr. Provost filed his motion to dismiss under section 101.106(f) on August 24, 2005. Appellants did not amend their petition to include UT Southwestern until September 22, 2005. As such, Dr. Provost filed his motion to dismiss prior to any alleged "acquiescence" by appellants' amended petition. It was his section 101.106(f) motion alone that was before the trial court, and therefore, his burden to prove the suit could have been brought under the Texas Tort Claims Act against a governmental unit. *Williams,* 199 S.W.3d at 464 (scope of review is limited to those arguments raised in motion to dismiss). This he did not do.

Based on these facts, Dr. Provost did not show appellants' claims could have been brought against a governmental unit under the Texas Tort Claims Act. Thus, the trial court erred in dismissing their claims against Dr. Provost pursuant to section 101.106(f).

Accordingly, we reverse the trial court's order and remand the case for further proceedings.[2]

---

**2.** Because appellants' first issue is dispositive, we need not decide whether section 101.106(f) violates the Open Courts provision of the Texas Constitution.