Carmelita ESCALANTE, M. D., E. Edmund Kim, M. D., Edgardo Rivera, M. D., and Franklin C. Wong, M. D., Appellants,

v.

Donita ROWAN and James Niese, Appellees.

Donita Rowan and James Niese, Appellants,

v.

Carmelita Escalante, M. D., E. Edmund Kim, M. D., Edgardo Rivera, M. D., and Franklin C. Wong, M. D., Appellees.

Nos. 14–05–00828–CV, 14–06–00197–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 22, 2008.

Nancy Bolin Broaddus, Houston, for appellants.

Peter Kelly, Walter J. Kronzer, Houston, for appellees.

Panel consists of Justices FROST and MIRABAL.*

## MAJORITY OPINION

MARGARET GARNER MIRABAL, Senior Justice (Assigned).

This is a consolidated appeal. In cause number 14–05–00828–CV, appellants, Carmelita Escalante, M. D., E. Edmund Kim, M. D., Edgardo Rivera, M. D., and Franklin C. Wong, M.D. (the "doctors"), filed an interlocutory appeal from the trial court's denial of their motion to dismiss appellees Donita Rowan and James Niese's[1] medical malpractice lawsuit against them. In cause number 14–06–00197–CV, Rowan and Niese appeal the trial court's granting of the doctors' motion for final summary judgment. We affirm the denial of the motion to dismiss and we reverse the summary judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In the fall of 2000, Rowan was diagnosed with Stage II metastatic breast cancer. At the time of Rowan's initial diagnosis, Rowan's breast cancer was regionally metastasized to her lymph nodes. Prior to seeking treatment at the University of Texas M.D. Anderson Cancer Center ("M.D.Anderson"), Rowan received treatment for her initial diagnosis of breast cancer, including surgery, chemotherapy, and radiation, at other medical facilities in Houston.

The defendant doctors are all employed by M.D. Anderson. In November 2001, Rowan became a patient of Dr. Rivera. In December 2001, she became a patient of Dr. Escalante. In September 2002, Dr. Kim interpreted a whole body bone scan of Rowan and in May of 2003, Dr. Wong interpreted a second whole body bone scan. Both Dr. Kim and Dr. Wong concluded there was no active bony metastasis present. In the late summer of 2003, the recurrence of Rowan's cancer was diagnosed, this time in her liver. According to Dr. Rivera, patients who experience metastatic cancer with transfer to the liver or

---

* Senior Justice Margaret Garner Mirabal sitting by assignment.

1. Donita Rowan and James Niese are husband and wife. Rowan and Niese appeared pro se in the trial court; however, they retained counsel for both appeals.

another visceral organ have a five-year survival rate of fifteen to twenty percent at the time of diagnosis and the disease is considered to be incurable with a median survival of two years.

In November 2004, Rowan and Niese filed suit against the doctors alleging the doctors were negligent as a result of their delay in diagnosing the recurrence of Rowan's cancer. In May 2005, the doctors filed a motion to dismiss Rowan and Niese's lawsuit pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code.[2] The trial court denied the doctors' motion. On August 4, 2005, the doctors appealed the trial court's denial of their motion to dismiss pursuant to section 51.014(a)(5) of the Texas Civil Practice and Remedies Code.[3]

On October 17, 2005, the doctors filed a motion for summary judgment claiming that Rowan and Niese's causes of action were barred as a matter of law because Texas does not recognize the loss-of-chance doctrine. On November 7, 2005,

Rowan and Niese filed their summary judgment response with attached evidence as well as an amended petition. The trial court conducted an oral hearing on the doctors' motion for summary judgment on November 14, 2005. Rowan and Niese both appeared at the hearing. Neither Rowan nor Niese objected to the summary judgment hearing on the basis of the stay in place as a result of the doctors' interlocutory appeal of the trial court's earlier denial of their motion to dismiss.[4] The trial court granted the doctors' motion for summary judgment on November 18, 2005. Rowan and Niese filed a motion for reconsideration of the summary judgment/motion for new trial ("motion for new trial") in which they raised, for the first time, the issue of the stay in place as a result of the doctors' interlocutory appeal. The trial court denied Rowan and Niese's motion for new trial and this appeal followed.[5]

## DISCUSSION

In their appeal from the trial court's final summary judgment, Rowan and

2. Section 101.106(f) provides:
(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.
Tex. Civ. Prac. & Rem.Code Ann. § 101.106(f) (Vernon 2005).

3. Section 51.014(a)(5) provides:
(a) A person may appeal from an interlocutory order of a district court, county court at law, or county court that:
* * *
(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or em-

ployee of the state or a political subdivision of the state[.]
Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.2006).

4. Section 51.014(b) provides:
(b) An interlocutory appeal under Subsection (a), other than an appeal under Subsection (a)(4), stays the commencement of a trial in the trial court pending resolution of the appeal. An interlocutory appeal under Subsection (a)(3), (5), or (8) also stays all other proceedings in the trial court pending resolution of that appeal.
Tex. Civ. Prac. & Rem.Code Ann. § 51.014(b).

5. Rowan and Niese raised the issue of the statutory stay for the first time in their motion for new trial. They do not raise any issue contending the trial court erred in denying their motion for new trial.

Niese raise three issues. In their first issue, Rowan and Niese contend the trial court's summary judgment is void because it was entered in violation of the stay in place as a result of the doctors' interlocutory appeal of the trial court's denial of their motion to dismiss. In their second issue, Rowan and Niese assert the trial court erred in granting the doctors' motion for summary judgment as it was not addressed to their causes of action.

## I. The Trial Court's Summary Judgment is Not Void

### A. The Standard of Review

In their first issue, Rowan and Niese assert the trial court's summary judgment was issued in violation of the statutory stay created by section 51.014(b) of the Texas Civil Practices and Remedies Code and is therefore void. It is well settled in Texas that statutory interpretation presents a question of law subject to de novo review. *Mitchell Energy Corp. v. Ashworth,* 943 S.W.2d 436, 437 (Tex.1997). A trial court has no discretion when evaluating a question of law. *See Huie v. DeShazo,* 922 S.W.2d 920, 927 (Tex.1996); *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992).

### B. Section 51.014(b) Creates a Mandatory Stay

In their response to Rowan and Niese's first issue, the doctors appear to argue that there was no stay imposed on the trial court's proceedings when the doctors filed their interlocutory appeal. We disagree, as the clear language of the statute imposes an automatic stay on all proceedings in the trial court as soon as an interlocutory appeal is filed. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(b); *Watts v. Rodriguez,* 185 S.W.3d 931, 932 (Tex.App.-Austin 2006, no pet.) (per curiam).

### C. The Trial Court Had Jurisdiction and Thus The Summary Judgment is Not Void

As we have determined there was an automatic stay in place once the doctors filed their interlocutory appeal, we now must decide if a summary judgment granted while that stay was in place is void. In this appeal, Rowan and Niese do not argue that the trial court's summary judgment is voidable. Instead, they very specifically argue only that, because the trial court acted while the interlocutory appeal stay was in place, the trial court's summary judgment is void.

Errors, other than a lack of jurisdiction, such as a court's action contrary to a statute or statutory equivalent, merely render the judgment voidable so that it may be corrected through the ordinary appellate process or other proper procedures. *Reiss v. Reiss,* 118 S.W.3d 439, 443 (Tex.2003). There was no contention in the trial court or in this appeal that the trial court did not have jurisdiction, and we conclude that the section 51.014(b) stay does not deprive the trial court of jurisdiction. Therefore, the trial court's summary judgment is not void.

## II. Rowan and Niese Did Not Preserve Error as to Any Complaint that the Summary Judgment is Voidable Because of the Stay

Even if Rowan and Niese's first issue could be construed as arguing the trial court's summary judgment is voidable because it was entered in violation of the interlocutory stay, the result is the same because Rowan and Niese did not preserve error as to this complaint.

An interlocutory appeal of the denial of a motion to dismiss a lawsuit based on the assertion of immunity stays all proceedings in the trial court pending resolution of the appeal. Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) & (b). However, the failure to object based on this stay waives any error that the trial

court may have committed by failing to stay the proceedings during the pendency of the interlocutory appeal. *Henry v. Flintrock Feeders, Ltd.*, No. 07–04–0224–CV, 2005 WL 1320121, at *1 (Tex.App.-Amarillo June 1, 2005, no pet.) (mem.op.)(holding a procedural error must be preserved by timely action of the party bringing the error to the trial court's attention).[6] A summary judgment is a trial within the meaning of section 51.014(b) of the Texas Civil Practice and Remedies Code. *Lee–Hickman's Investments v. Alpha Invesco Corp.*, 139 S.W.3d 698, 701 (Tex.App.-Corpus Christi 2004, no pet.). Here, Rowan and Niese did not object to the trial court hearing the doctors' motion for summary judgment. In addition, Rowan and Niese filed amended discovery responses, a summary judgment response, and an amended petition prior to the hearing on the doctors' motion. We hold Rowan and Niese waived their complaint concerning the interlocutory stay and removed any bar to the trial court hearing and ruling on the doctors' motion for summary judgment.

Because we have determined the trial court's summary judgment is not void, and that Rowan and Niese failed to preserve error as to any objection that the summary judgment is voidable based on the stay, we overrule Rowan and Niese's first issue.

### III. The Loss–of–Chance Doctrine

In their second issue, Rowan and Niese contend the trial court erred in granting the doctors' motion for summary judgment as the motion was not addressed to their causes of action. We agree.

### A. The Standard of Review

The movant for a traditional summary judgment has the burden to show there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In determining whether there is a genuine fact issue precluding summary judgment, evidence favorable to the non-movant is taken as true and the reviewing court makes all reasonable inferences and resolves all doubts in the non-movant's favor. *Id.* at 548–49. We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005).

### B. Sole Ground in Motion for Summary Judgment

In their second amended petition, Rowan and Niese alleged medical malpractice causes of action against the doctors. To recover on a medical malpractice claim, a plaintiff must establish the following essential elements: (1) a legally cognizable duty requiring the health care provider to conform to a certain standard of care or conduct; (2) a breach of that standard; (3) injury; and (4) a reasonably close causal connection between the breach of the standard and the injury suffered by the plaintiff. *Dubose v. Worker's Medical, P. A.*, 117 S.W.3d 916, 919 (Tex.App.-Houston [14th Dist.] 2003, no pet.). In their motion for summary judgment, the doctors asserted one ground—the plaintiffs are effectively seeking to recover for an alleged loss of chance of survival, but as a matter of law Texas does not allow such a recovery. In *Kramer*, the Texas Supreme Court held that Texas does not allow "recovery for lost chance of survival or cure in

---

**6.** While it is an unpublished opinion with no precedential value, we have addressed this issue before in *Siebenmorgen v. The Hertz Corp.*, No. 14–97–01012–CV, 1999 WL 21299, at *3 (Tex.App.-Houston [14th Dist.] 1999, no pet.) (not designated for publication). In *Sie-* *benmorgen* we held that if a plaintiff fails to inform the trial court of section 51.014(b) and allows the court to proceed to trial, the plaintiff waives the right to object or request any relief on appeal. *Siebenmorgen*, 1999 WL 21299, at *3.

medical malpractice cases." *Kramer v. Lewisville Memorial Hosp.*, 858 S.W.2d 397, 398 (Tex.1993).

The *Kramer* court stated:

The effect of these [Texas] standards is to bar recovery where the defendant's negligence deprived the tort victim of only a 50% or less chance of avoiding the ultimate harm. Hence, where preexisting illnesses or injuries have made a patient's chance of avoiding the ultimate harm improbable even before the allegedly negligent conduct occurs—i.e., the patient would die or suffer impairment anyway—the application of these traditional causation principles would totally bar recovery, even if such negligence has deprived the patient of a chance of avoiding the harm.

*Id.* at 400 (citations omitted). In *Kramer*, the harm for which the plaintiffs sought to recover damages was the decedent's "lost chance of survival." *Id.* at 403. The plaintiffs pleaded and requested jury instructions based on an alleged legal injury of loss of chance of survival, and the Texas Supreme Court held that Texas does not recognize loss of chance of survival as a legal injury. *Id.* at 405–407.

The Texas Supreme Court did not hold, however, that once a person is diagnosed with a terminal illness, they no longer enjoy the protections of Texas tort law as to harms that they may suffer other than the ultimate harm, such as death and loss of chance of survival. The limitation on *Kramer* has been recognized by this court and by the Court of Appeals in Beaumont. *See Hodgkins v. Bryan*, 99 S.W.3d 669, 675 (Tex.App.-Houston [14th Dist.] 2003, no pet.); *Parrott v. Caskey*, 873 S.W.2d 142, 150 (Tex.App.-Beaumont 1994, no writ).

Although this court recognized the limitation on *Kramer* in the *Hodgkins* decision, this court affirmed the trial court's summary judgment because the plaintiffs in *Hodgkins* did not allege any pre-death injuries other than a loss of chance of survival. *Hodgkins*, 99 S.W.3d at 675. This case is distinguishable from *Hodgkins*, since Rowan and Niese alleged pre-death injuries other than loss of chance of survival. In her petition, Rowan alleged that the defendants negligently failed to diagnose her recurrence of cancer in September 2002 and May 2003 and that this negligence caused Rowan to undergo medical procedures and pay medical expenses that would have been unnecessary if defendants had not negligently failed to diagnose the recurrence of her cancer. Specifically, Rowan has sued for her enduring "otherwise unnecessary and additional medical procedures, otherwise unnecessary and additional medical expenses, loss of job and associated benefits ... physical pain and suffering, loss of consortium, mental anguish, emotional stress ... and loss of enjoyment of life." Her husband sued to recover for "loss of consortium, mental anguish, [and] pecuniary loss" during his wife's life, not as a result of her death or her lost chance of survival. Recovery for these damages is not prevented by Texas's bar of recovery for lost chance of survival, which was the only ground asserted in defendants' motion.

The doctors' five-page traditional motion for summary judgment states as its sole ground that "it is clear that Plaintiffs' cause of action against these Doctors arises out of what Plaintiffs perceive to be a delay in diagnosis of cancer recurrence which allegedly cost Donita Rowan a lost chance of cure or survival ... Plaintiffs are precluded from recovery because Texas does not permit lawsuits on a 'loss of chance' doctrine." This ground is based on a false premise because plaintiffs are not effectively seeking recovery for an alleged loss of chance of cure or survival. Accordingly, the trial court erred in granting summary judgment. We sustain Rowan and Niese's second issue.

## IV. Motion to Dismiss

### A. Jurisdiction

■ The defendant doctors filed a motion to dismiss pursuant to Section 101.106(f), which can provide a governmental employee with personal immunity if a lawsuit is filed against a governmental employee based on conduct within the general scope of the employee's employment. Tex. Civ. Prac. & Rem.Code § 101.106(f). After the trial court denied the motion to dismiss, the doctors filed an interlocutory appeal. Rowan and Niese complain that we lack jurisdiction of this appeal.

This court has held that we have jurisdiction to consider an interlocutory appeal based on the trial court's denial of a motion to dismiss pursuant to section 101.106(f). *See Phillips v. Dafonte*, 187 S.W.3d 669, 672–74 (Tex.App.-Houston[14th Dist.] 2006, no pet.). In *Phillips*, this court held that section 101.106 is an immunity statute, and therefore the doctors could appeal the denial of the motion to dismiss under section 51.014(a)(5), which authorizes an appeal from an interlocutory order of a trial court denying "a motion for summary judgment that is based on an assertion of immunity by an ... employee of the State or a political subdivision of the State." *Id.* (citing Tex. Civ. Prac. & Rem. Code § 51.014(a)(5)). This court reasoned that although we must

> strictly construe statutes allegedly authorizing interlocutory appeals, and we may not expand our jurisdiction beyond that conferred by the legislature ... the legislature did not intend to limit the application of section 51.014(a)(5) to a specific procedural vehicle; rather, the legislature was most interested in the substance or topic of the motion -i.e., that it declare the employee's immunity because of his employment by the State and that it attack the court's jurisdiction to hear the case.

*Id.* at 674. By alleging immunity as employees of the State, the doctors in *Phillips* entitled themselves to an interlocutory appeal, even though they may have used the "wrong" procedural vehicle to raise the immunity defense. *Id.* at 675. The same reasoning applies in the present case to give this court jurisdiction over this appeal of the trial court's denial of the motion to dismiss.

### B. Analysis

■ Section 101.106(f) provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* Thus, to be entitled to dismissal under section 101.106(f), a defendant must show that 1) the plaintiff's suit was based on conduct within the general scope of defendant's employment with a governmental unit, and 2) the suit could have been brought under the Texas Tort Claims Act against the governmental unit. *Id.*; *Phillips*, 187 S.W.3d at 675. As to the second prong of 101.106(f), the Texas Tort Claims Act waives sovereign immunity in three areas: (1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by a condition or use of tangible personal or real property; and (3) injury caused by a premise defect. Tex. Civ. Prac. & Rem.Code Ann. §§ 101.021–.022 (Vernon 2005); *Hall*, 232 S.W.3d at 928. On appeal, the doctors assert Rowan and

Niese's injuries were caused by the use or misuse of tangible personal property, and therefore plaintiffs' suit could have been brought against M.D. Anderson under the Texas Tort Claims Act.

The doctors had the burden to show the trial court that the suit could have been brought under the Texas Tort Claims Act against M.D. Anderson. *See Hall v. Provost*, 232 S.W.3d 926, 929 (Tex. App.-Dallas 2007, no pet. h.); *Franka v. Velasquez*, 216 S.W.3d 409, 413 (Tex.App.-San Antonio 2006, no pet.); *Phillips*, 187 S.W.3d at 676–77. Because the doctors failed to present the trial court with a sufficient record to satisfy their burden, they were not entitled to a dismissal on their motion.

The status of the pleadings at the time of the ruling is relevant to our analysis. At the time the doctors filed their motion to dismiss, and when the trial court ruled on it, Rowan and Niese's live pleading was their original petition.[7] We note that in their brief on appeal, the doctors make arguments relying on Rowan and Niese's answers to interrogatories filed in August 2005; however, we are unable to consider such answers because they were not filed until after the trial court denied the motion to dismiss on July 19, 2005.[8]

In their original petition, Rowan and Niese named four distinct defendants, the four doctors in this case. As to each doctor, Rowan and Niese alleged the following acts or omissions constituted negligence:

a. failure to properly diagnose Rowan's medical condition;

b. failure to properly treat Rowan's medical condition;

c. failure to timely and appropriately recommend further diagnostic testing; and

d. failure to properly and timely recommend further treatment.

None of these alleged acts or omissions obviously involve a condition or use of tangible property. The only reference in the original petition to what could arguably be a "use of tangible personal property" is plaintiffs' allegation that "one or more of the defendants" reviewed bone scans and misinterpreted them.[9] It is impossible to tell from the original petition which of the defendant doctors may have reviewed the bone scans.

The doctors jointly filed a motion to dismiss seeking a dismissal of the suit as to all four doctors for the same reasons. There is no discussion in the motion about how a suit against M.D. Anderson could have been brought under the Tort Claims Act. The motion simply contains the conclusory statement, "this is a case which could have been brought against the governmental unit, i.e., M.D. Anderson." In support of the motion to dismiss, affidavits were filed by each doctor merely stating dates of employment by M.D. Anderson Cancer Center. The affidavits make no mention of Rowan and Niese's negligence allegations. There was absolutely no showing before the trial court, as to any particular defendant, that the claims against that defendant could be brought against M.D. Anderson under the Texas Tort Claims Act.[10] *See Hall*, 232 S.W.3d at

---

**7.** After the trial court overruled the motion to dismiss on July 19, 2005, plaintiffs filed an amended petition on November 7, 2005.

**8.** After an appeal had been filed regarding the July 19, 2005 order, the doctors filed an amended motion to dismiss on September 26, 2005, but the trial court did not rule on it. The subject of this appeal is the July 19, 2005 order denying doctors' motion to dismiss.

**9.** *See Texas Tech Univ. Health Sciences Center v. Lucero*, 234 S.W.3d 158 (Tex.App.-El Paso, 2007, no pet.).

**10.** The trial court's order denying the doctors' motion to dismiss specifically states: "The court finds there is no evidence that this action 'could have been brought under [§ 101.106(f)] against [M.D. Anderson].'"

928 (holding that general medical malpractice claims are not encompassed by the Texas Tort Claims Act's limited waiver of sovereign immunity); *see also Williams v. Nealon*, 199 S.W.3d 462, 464 (Tex.App.-Houston [1st Dist.] 2006, no pet.); *Phillips*, 187 S.W.3d at 676.

The trial court did not err in denying the motion to dismiss. Accordingly, we overrule the defendant doctors' sole issue in the interlocutory appeal.

## V. Conclusion

We affirm the denial of the motion to dismiss in cause number 14–05–00828–CV. We reverse the summary judgment and remand the case to the trial court in cause number 14–06–00197–CV.

J. ANDERSON, dissenting.

JOHN S. ANDERSON, Justice, dissenting.

While I agree with most of the majority's opinion, because I disagree with the majority's ultimate conclusion that the trial court erred when it granted the doctors' motion for summary judgment, I respectfully dissent.

In their second and third issues, Rowan and Niese contend the trial court erred in granting the doctors' motion for summary judgment as the motion was not addressed to their causes of action. Because I believe the Loss of Chance Doctrine bars any recovery by Rowan and Niese, I would overrule both issues and affirm the trial court's summary judgment.

In their second amended petition, Rowan and Niese alleged medical malpractice causes of action against the doctors. To recover on a medical malpractice claim, a plaintiff must establish the following essential elements: (1) a legally cognizable duty requiring the health care provider to conform to a certain standard of care or conduct; (2) a breach of that standard; (3) injury; and (4) a reasonably close causal

connection between the breach of the standard and the injury suffered by the plaintiff. *Dubose v. Worker's Med., P.A.*, 117 S.W.3d 916, 919 (Tex.App.-Houston [14th Dist.] 2003, no pet.). In *Kramer v. Lewisville Memorial Hospital*, 858 S.W.2d 397, 407 (Tex.1993), the Texas Supreme Court held that Texas does not recognize a common law cause of action for lost chance of survival in a medical malpractice case. In their motion for summary judgment, the doctors attacked the causation element of Rowan and Niese's medical malpractice actions. Specifically, the doctors argued Rowan and Niese's causes of action were barred because Texas does not recognize the loss of chance doctrine.

In a medical malpractice case, plaintiffs are required to show evidence of a reasonable medical probability that their injuries were proximately caused by the negligence of one or more defendants. *Park Place Hosp. v. Milo*, 909 S.W.2d 508, 511 (Tex. 1995). The ultimate standard of proof on the causation issue is whether, by a preponderance of the evidence, the negligent act or omission is shown to be a substantial factor in bringing about the harm and without which the harm would not have occurred. *Kramer*, 858 S.W.2d at 400. The effect of this requirement is to bar recovery where the defendant's negligence deprived the plaintiff of only a fifty percent or less chance of avoiding the ultimate harm. *Id.* "[W]here pre-existing illnesses or injuries have made a patient's chance of avoiding the ultimate harm improbable even before the allegedly negligent conduct occurs—*i.e.*, the patient would die *or suffer impairment anyway*—the application of these traditional causation principles will totally bar recovery, even if such alleged negligence deprived the patient of a chance of avoiding the harm." *Id.* (emphasis added). "There is no liability for negligent medical treatment 'that decreases a patient's chance of avoiding death or

other medical conditions in cases where the adverse result probably would have occurred anyway.'" *Milo,* 909 S.W.2d at 511 (quoting *Kramer,* 858 S.W.2d at 398). The Texas Supreme Court "has spoken with great clarity on the loss of chance rule, leaving no room for disagreement: recovery in a medical malpractice case cannot be had if, at the time of the alleged negligence, the patient had a pre-existing condition from which the chance of survival was [fifty] percent or less." *Columbia Rio Grande Reg'l Healthcare, L.P. v. Hawley,* 188 S.W.3d 838, 863 (Tex.App.-Corpus Christi 2006, pet. granted). The loss of chance doctrine is a bar to recovery due to a lack of causation, and is not an affirmative defense. *Hodgkins v. Bryan,* 99 S.W.3d 669, 675 (Tex.App.-Houston [14th Dist.] 2003, no pet.).

Because the summary judgment evidence submitted by the doctors conclusively established that Rowan had metastatic cancer with a zero percent chance of cure, a five year survival rate of fifteen to twenty percent at the time of diagnosis, and a median survival of two years, I would hold the trial court properly granted the doctors' motion for summary judgment.[1]

Rowan and Niese's assertion that they were not seeking damages for loss of chance should not change this result. Regardless of whether Rowan and Niese plead a cause of action for loss of chance or, in some metaphysical sense, affirmatively sought only limited damages for degradation or diminishment of quality of life for the time period between the alleged negligent acts or inactions and the time when the recurrence of Rowan's cancer was diagnosed, they cannot establish proximate cause for any damages arising out of the doctors' alleged negligence unless they can establish that Rowan had a greater than fifty percent chance of survival had the malpractice not occurred. *Id.* at 674. The uncontroverted summary judgment evidence established that once Rowan's cancer recurred, an event she does not allege was caused by any acts or omissions of the doctors, she had a zero percent chance of cure. The exact type of damages sought by Rowan and Niese is of no moment. Rowan had a chance of survival of less than a fifty percent at the time her cancer recurred. Because Texas does not recognize a cause of action for loss of chance, their recovery is barred.

The majority, as well as Rowan and Niese, cite the Beaumont Court of Appeals' opinion in *Parrott v. Caskey,* 873 S.W.2d 142, 151 (Tex.App.-Beaumont 1994, no writ), in support of their contention that Rowan and Niese's claims are not barred by the loss of chance doctrine. In *Parrot,* a delay in diagnosis case like the one at bar, the Beaumont Court of Appeals held that the plaintiffs could recover personal injury damages suffered during the time period between the alleged negligent failure to diagnose Parrot's breast cancer and the date that her disease was properly diagnosed. *Id.* As a threshold matter, *Parrot* does not represent binding authority on this court. However, after a principal, rule, or proposition of law has been squarely decided by the Texas Supreme Court, that decision is accepted as binding authority on lower courts. *Edwards v. Kaye,* 9 S.W.3d 310, 313 (Tex.App.-Houston [14th Dist.] 1999, pet. denied). I would choose not to follow the Beaumont court's opinion in *Parrott,* a no writ case, because it is directly contrary to the clear holding from the Texas Supreme Court that, when a pre-existing illness or injury has made a

---

1. The trial court struck, as conclusory, both affidavits prepared by Rowan and Niese's medical doctor experts filed in response to the doctors' motion for summary judgment. Rowan and Niese have not challenged this action by the trial court in this appeal.

patient's chance of recovery fifty percent or less, meaning the plaintiff would die or suffer impairment anyway, the application of traditional causation principles totally bars recovery by that plaintiff, even if the alleged negligence deprived the plaintiff of a chance of avoiding the harm. *Kramer*, 858 S.W.2d at 400.

In support of their decision to reverse the trial court's summary judgment, the majority also cites this court's opinion in *Hodgkins.* The majority' reliance on *Hodgkins* is misplaced. In *Hodgkins* we affirmed the trial court's granting of a summary judgment based on the loss of chance doctrine even though the plaintiff argued, as Rowan and Niese do here, that he was not seeking recovery for the lost chance of survival. *Hodgkins,* 99 S.W.3d at 674. In rejecting the plaintiff's argument, we stated: "[r]egardless of whether appellant did not specifically plead a lost chance of survival cause of action, he cannot show proximate cause unless he presents more than a scintilla of evidence that Ms. Hodgkins had a greater than fifty percent chance of survival had the malpractice not occurred." *Id.* Far from recognizing a cause of action under *Parrott*, we distinguished *Parrott* because the plaintiff in *Hodgkins* did not produce any evidence establishing "what injury, if any, Ms. Hodgkins suffered from the date the cancer should have been diagnosed to the date it was actually diagnosed and how that injury was qualitatively different from the injury resulting from the lung cancer." *Id.* at 675. By resolving the plaintiff's issue on appeal on evidentiary grounds, we never reached the substantive issue of whether such a limited cause of action was possible.

Finally, because I would affirm the trial court's granting of the doctors' motion for summary judgment, and that would dispose of all issues in the lawsuit between Rowan and Niese on the one hand and the doctors on the other, I would hold the doctors' interlocutory appeal is moot.