Opinion issued June 12, 2008












     




In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00795-CV




BRANDI KELEMEN, Appellant

V.

ROBERT ELLIOT, Appellee




On Appeal from the 122nd District Court
Galveston County, Texas
Trial Court Cause No. 05CV0277-A




O P I N I O N
          Appellant, Brandi Kelemen, appeals the trial court’s order dismissing her suit
against appellee, Robert Elliot. In her first issue, Kelemen challenges the trial court’s
dismissal under section 101.106 of the Texas Tort Claims Act by asserting that her
suit was not brought “under” the Tort Claims Act and thus section 101.106 did not
require dismissal. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (Vernon
2005 & Supp. 2007). We conclude that the trial court erred by dismissing the lawsuit
against Elliott under section 101.106 of the Tort Claims Act because (1) Kelemen did
not file claims against both Elliott and the City and, therefore, section 101.106(e)
does not apply; and (2) Elliott did not carry his burden to show that he was entitled
to dismissal under section 101.106(f). We therefore do not reach the second issue
asserted in the alternative by Kelemen, in which she asserts that section 101.106
violates the “Open Courts” provision of the Texas Constitution. See Tex. Const.
art. I, § 13. We reverse the trial court’s order of dismissal and remand the cause.
Background
          According to Kelemen, Elliott assaulted her by “(a) seizing her by the arm and
(b) kissing her on the mouth, while both were on duty at the Texas City Police
Department” in late October 2004. Kelemen reported the incident to a captain with
the Texas City Police Department, and the Department placed Elliott on
administrative leave. Less than two months later, the captain told Kelemen that she
would no longer be employed by the Department now that her 6-month probationary
employment was up because she “did not meet their qualifications.”
          Kelemen filed suit against Elliott and the City of Texas City, Texas. Against
Elliott, Kelemen alleged Texas Penal Code violations of assault, assault on a public
servant, and “Official Oppression/Sexual Harassment.” 


 Against the City, Kelemen
pleaded causes of action for (1) gender discrimination and retaliation in violation of
the Texas Commission on Human Rights Act (TCHRA), specifically, sections 21.051
and 21.055 of the Texas Labor Code,


 and (2) violation of the Whistleblower Act in
section 554.002 of the Texas Government Code,


 which prohibits a local government
from taking adverse personnel action against an employee who in good faith reports
a violation of law.
          The City answered and filed a “Motion to Dismiss Individual Defendant Robert
Elliott” under Texas Civil Practice and Remedies Code section 101.106(e).


 Elliott
also answered and filed a motion to dismiss under section 101.106(f).


 The trial
court’s written order dismisses with prejudice the lawsuit against Elliott under section
101.106, without specifying whether it was under 101.106(e) or 101.106(f). The trial
court severed the suit against Elliott so that it would become a final, appealable order,
and the trial court stayed the suit against the City.Section 101.106 of the Texas Tort Claims Act
          In her first issue, Kelemen contends that section 101.106 does not apply
because this suit is not “under” the Tort Claims Act. Specifically, Kelemen asserts
that she does not rely on the Tort Claims Act to bring her suit against the City or
Elliott. Elliott responds that the language “under this chapter” applies to all causes
of action, including “intentional torts or other common law claims such as those
raised against the individual defendant herein.”
A.      Applicable Law
          Section 101.106, entitled “Election of Remedies,” provides:
(a)The filing of a suit under this chapter against a governmental unit
constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff
against any individual employee of the governmental unit
regarding the same subject matter.
 
(b)The filing of a suit against any employee of a governmental unit
constitutes an irrevocable election by the plaintiff and
immediately and forever bars any suit or recovery by the plaintiff
against the governmental unit regarding the same subject matter
unless the governmental unit consents.

          . . . .
 
(e)If a suit is filed under this chapter against both a governmental
unit and any of its employees, the employees shall immediately be
dismissed on the filing of a motion by the governmental unit.
 
(f)If a suit is filed against an employee of a governmental unit based
on conduct within the general scope of that employee’s
employment and if it could have been brought under this chapter
against the governmental unit, the suit is considered to be against
the employee in the employee’s official capacity only. On the
employee’s motion, the suit against the employee shall be
dismissed unless the plaintiff files amended pleadings dismissing
the employee and naming the governmental unit as defendant on
or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2007). The purpose of
section 101.106 is “to force a plaintiff to decide at the outset whether an employee
acted independently and is thus solely liable, or acted within the general scope of his
or her employment such that the governmental unit is vicariously liable, thereby
reducing the resources that the government and its employees must use in defending
redundant litigation and alternative theories of recovery.” Mission Consol. Indep.
Sch. Dist. v. Garcia, No. 05-0734, 51 Tex. Sup. Ct. J. 621, 2008 WL 821037, at *3
(Tex. Mar. 28, 2008); see also Williams v. Nealon, 199 S.W.3d 462, 465 (Tex.
App.—Houston [1st Dist.] 2006, pet. filed) (citing Waxahachie Indep. Sch. Dist. v.
Johnson, 181 S.W.3d 781, 785 (Tex. App.—Waco 2005, pet. denied). By requiring
a plaintiff to make an irrevocable election at the time suit is filed between suing the
governmental unit under the Tort Claims Act or proceeding against the employee
alone, section 101.106 narrows the issues for trial and reduces delay and duplicative
litigation costs. See Garcia, 2008 WL 821037 at *3.
          Claims against the government brought pursuant to waivers of sovereign
immunity that exist apart from the Tort Claims Act, such as a suit that is based on the
TCHRA, are not brought “under [the Tort Claims Act].” Garcia, 2008 WL 821037
at *5; see also Tex. Civ. Prac. & Rem. Code Ann. § 101.106; Tex. Lab. Code Ann.
§§ 21.001–21.556 (Vernon 2006 & Supp. 2007) (TCHRA). The suit under the
TCHRA is not “a suit filed under this chapter” and would not come within the
purview of section 101.106(e) because the Tort Claims Act expressly provides that
the remedies it authorizes “are in addition to any other legal remedies,” and the
TCHRA provides a statutory remedy for unlawful discrimination. Garcia, 2008 WL
821037 at *5; see also Tex. Lab. Code Ann. §§ 21.001–21.556. Therefore, section
101.106(e) does not bar recovery for discriminatory wrongful discharge under the
TCHRA. Garcia, 2008 WL 821037 at *5.
          The Texas Supreme Court also held in Garcia that “the [Tort Claims] Act’s
election scheme governs all suits against a governmental unit, and . . . its application
here bars all common-law recovery against the superintendent and the school
district.” Garcia, 2008 WL 821037 at *1. The common-law claims were against the
school district and the superintendent for intentional infliction of emotional distress
and against the superintendent alone for defamation, fraud, and negligent
misrepresentation. Id. The Tort Claims Act provides a limited waiver of immunity
for certain suits against governmental entities and caps recoverable damages. See id.
at *2; Tex. Civ. Prac. & Rem. Code Ann. § 101.023 (Vernon 2005). The supreme
court explained that the common-law claims asserted by Garcia do not fit within the
Tort Claims Act’s limited waiver of immunity. Garcia, 2008 WL 821037 at *4. 
However, the supreme court added, “We have never interpreted ‘under this chapter’
to only encompass tort claims for which the Tort Claims Act waives immunity.” Id. 
The supreme court stated,
Because the Tort Claims Act is the only, albeit limited, avenue for
common-law recovery against the government, all tort theories alleged
against a government unit, whether it is sued alone or together with its
employees, are assumed to be “under [the Tort Claims Act]” for the
purposes of section 101.106.

Id. at *5 (citing Newman v. Obersteller, 960 S.W.2d 621, 622–23 (Tex. 1997)). In
short, “all tort theories of recovery alleged against a governmental unit are presumed
to be “under the [Tort Claims Act].” Id.
B.      The City’s Motion to Dismiss Elliott under Section 101.106(e)
          Under section 101.106(e), any suit against Elliott must be dismissed “[i]f a suit
is filed under this chapter against both” the City and Elliott. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.106(e). Here, section 101.106(e) does not require dismissal
of the claims against Elliott because no suit has been filed under the Tort Claims Act
against both the City and Elliott. See id. In other words, the claims that, under
Garcia, would fall under the Tort Claims Act, were filed against Elliott but were not
filed against the City. See Garcia, 2008 WL 821037 at *4. Similarly, the claims filed
by Kelemen against the City for statutory violations were not filed against Elliott. See
id. The claims against the City were not claims filed under the Tort Claims Act
because they were claims that assert statutory violations that are separate and apart
from the Tort Claims Act 
          Kelemen sued the City and Elliott for distinct conduct. Kelemen asserted
claims against Elliott for assault. The claims against the City are for (1) gender
discrimination in violation of the TCHRA, Texas Labor Code sections 21.051 and
21.055, and (2) violation of the Whistleblower Act in section 554.002 of the Texas
Government Code, based on the City’s conduct in terminating Kelemen after she
reported Elliott’s assault. None of the claims against the City is asserted against
Elliott. Like the violation of the TCHRA in Garcia, which the supreme court
determined was not a claim under the Tort Claims Act, the violations asserted here
pursuant to the TCHRA and Whistleblower Act are similarly not claims under the
Tort Claims Act. See Garcia, 2008 WL 821037 at *5; see also Tex. Lab. Code Ann.
§ 21.254 (Vernon 2006) (waiving sovereign immunity for violations of TCHRA);
Tex. Gov’t Code Ann. § 554.0035 (Vernon 2004) (waiving sovereign immunity for
Whistleblower Act claims). Like the claim in Garcia, the statutory claim under the
TCHRA and the claim for the Whistleblower Act violation are claims brought against
the government pursuant to waivers of sovereign immunity that exist apart from the
Tort Claims Act. See Garcia, 2008 WL 821037 at *5; Tex. Lab. Code Ann.
§ 21.254; Tex. Gov’t Code Ann. § 554.0035. As the supreme court explained,
statutory claims with waivers of immunity apart from the Tort Claims Act are not
claims under the Tort Claims Act because the Tort Claims Act expressly provides that
the remedies it authorizes “are in addition to any other legal remedies.” See Garcia,
2008 WL 821037 at *5. We conclude that the claims filed by Kelemen for violations
of the TCHRA and for a violation of the Whistleblower Act are not claims filed under
the Tort Claims Act because the claims are filed pursuant to waivers of sovereign
immunity that exist apart from the Tort Claims Act. See Garcia, 2008 WL 821037
at *5; Tex. Lab. Code Ann. § 21.254; Tex. Gov’t Code Ann. § 554.0035. Like
Garcia, the statutory claims here for violations of statutes that are outside the Tort
Claims Act do not come within the purview of section 101.106(e). See Garcia, 2008
WL 821037 at *5. We therefore hold that the requirements of section 101.106(e) do
not apply to the statutory claims for violations of the Labor Code and Whistleblower
Act filed by Kelemen against the City. See id. We also note that Kelemen only sued
the City for the claims for violations of the Whistleblower Act and the TCHRA; she
did not sue Elliott for either of those claims. 
          Concerning the tort claims, Kelemen sued Elliott for Penal Code violations of
assault, assault on a public servant, official oppression, and sexual harassment, but
she did not file any of those claims against the City. Had Kelemen also sued the City
for these claims, these claims would fall under the Tort Claims Act because the claims
seek damages against a governmental entity and the term “under this chapter” in the
Tort Claims Act includes claims for which the Tort Claims Act does not waive
immunity. See Garcia, 2008 WL 821037 at *5. Because “all tort theories of recovery
alleged against a governmental unit are presumed to be “under the [Tort Claims
Act],” if Kelemen had asserted tort claims against the City and Elliott, the claims
against Elliott would be barred under section 101.106(e). See id. Kelemen, however,
did not assert tort claims against the City and Elliott. She only sought tort claims
against Elliott. As we note above, Kelemen sued the City for violations of the Labor
Code and the Whistleblower Act, which are claims that do not fall under the Tort
Claims Act. See Garcia, 2008 WL 821037 at *5; Tex. Lab. Code Ann. § 21.254;
Tex. Gov’t Code Ann. § 554.0035. Although Kelemen sued Elliott for torts that are
considered claims under the Tort Claims Act, we hold that section 101.106(e) does
not bar the claims Kelemen filed against Elliott because she did not assert any tort
claims against the City. See Garcia, 2008 WL 821037, at *5. In short, Kelemen did
not file a suit “under this chapter against both a governmental unit and any of its
employees,” and thus section 101.106(e) does not bar the claims filed against Elliott. 
See id. Any dismissal under section 101.106(e) would therefore be erroneous.
C.      Elliott’s Motion to Dismiss under Section 101.106(f)
            “[T]o be entitled to a dismissal under section 101.106(f) a defendant must
show that the plaintiff’s suit (1) was based on conduct within the general scope of the
defendant’s employment with a governmental unit and (2) could have been brought
under the Texas Tort Claims Act against that governmental unit.” Williams, 199
S.W.3d at 464; see also Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f); Garcia,
2008 WL 821037, at *3 (noting that section 101.106 “force[s] a plaintiff to decide at
the outset whether an employee acted independently and is thus solely liable, or acted
within the general scope of his or her employment such that the governmental unit is
vicariously liable”).
          Concerning the second prong, the tort claims Kelemen filed against Elliott for
assault, assault on a public servant, and “Official Oppression/Sexual Harassment”
could have been brought against the City under the Tort Claims Act, as stated by the
supreme court. See Garcia, 2008 WL 821037 at *4 (noting that all tort claims against
government entity are “under” Tort Claims Act).
          Elliott, however, fails to meet the first prong. To prevail under the first prong,
Elliott must show that the lawsuit against him is for conduct that falls within the
general scope of his employment. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.106(f). The burden is on Elliott to show his entitlement to the relief sought. 
Williams, 199 S.W.3d at 464; see also Escalante v. Rowan, No. 14-05-00828-CV,
2008 WL 190048, at *6 (Tex. App.—[14th Dist.] Jan. 22, 2008, pet. filed); Hall v.
Provost, 232 S.W.3d 926, 929 (Tex. App.—Dallas 2007, no pet.); Franka v.
Velasquez, 216 S.W.3d 409, 413 (Tex. App.—San Antonio 2006, no pet.). 
          Elliott did not make any assertion before the trial court, and makes none before
this Court, that the acts for which Kelemen sued him were in the general scope of his
employment. Further, the record contains no evidence to support a finding that
Elliott’s general scope of employment included the assault of Kelemen. We thus
conclude that Elliott failed to meet the burden required for dismissal under section
101.106(f). See Escalante, 2008 WL 190048, at *6 (holding employees not entitled
to dismissal pursuant to section 101.106(f) where employees “failed to present the
trial court with a sufficient record to satisfy their burden”). Any dismissal under
section 101.106(f) would therefore be erroneous.    
          We sustain Kelemen’s first issue. Having sustained Kelemen’s first issue, we
need not decide Kelemen’s second issue in which she asserts that section 101.106
violates the Texas Constitution.
Conclusion
          We reverse the order of the trial court and remand the cause.
 
                                                             Elsa Alcala
                                                             Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.