Carmelita P. ESCALANTE, M.D., E. Edmund Kim, M.D., Edgardo Rivera, M.D., and Franklin C. Wong, M.D., Petitioners,

v.

Donita ROWAN and James Niese, Respondents.

No. 08–0248.

Supreme Court of Texas.

Jan. 21, 2011.

Rehearing Denied April 1, 2011.

Nancy Bolin Broaddus, Smith & Smith, Houston, TX, for Carmelita P. Escalante, M.D.

Walter J. Kronzer III, Walter James Kronzer, III, P.C., Peter M. Kelly, Kelly Durham & Pittard LLP, Houston, TX, for Respondents Donita Rowan and James Niese.

PER CURIAM.

Respondents Donita Rowan and her husband filed suit against petitioners Dr. Carmelita P. Escalante, Dr. E. Edmund Kim, Dr. Edgardo Rivera, and Dr. Franklin C. Wong, physicians at University of Texas M.D. Anderson Cancer Center, al-

leging the doctors were negligent in failing to diagnose and treat the recurrence of Rowan's cancer. The doctors moved to dismiss the suit under section 101.106(f) of the Texas Tort Claims Act, TEX. CIV. PRAC. & REM.CODE § 101.106(f), claiming that the suit was based on conduct within the general scope of their employment and that the cause of action could have been brought against M.D. Anderson.

The trial court denied the doctors' motion to dismiss, and they filed an interlocutory appeal. While the appeal was pending, the doctors filed a motion for summary judgment on other grounds, which the trial court granted. The court of appeals affirmed the denial of the motion to dismiss and reversed the summary judgment. 251 S.W.3d 720, 722 (Tex. App.-Houston [14th Dist.] 2008).

While this case has been pending on appeal, we have decided *Franka v. Velasquez*, 332 S.W.3d 367 (Tex.2011), holding among other things that, for purposes of section 101.106(f), a tort action is brought "under" the Texas Tort Claims Act, even if the government has not waived its immunity for such actions. 332 S.W.3d at 370–71. In light of *Franka*, we grant the doctors' petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings. TEX.R.APP. P. 59.1.