DUNG NGOC HUYNH,
M.D., Appellant,

v.

Kenneth **WASHINGTON** and **Betty Washington, Individually and on Behalf of the Estate of Everett Washington, Appellees.**

No. 05–10–00117–CV.

Court of Appeals of Texas,
Dallas.

March 28, 2011.

---

Russell G. Thornton, Stinnett Thiebaid & Remington, L.L.P., Dallas, TX, for Appellant.

John P. Polewski, Esq., Polewski & Associates, DeSoto, TX, for Appellees.

Before Justices MOSELEY, O'NEILL, and LANG–MIERS.

## OPINION

Opinion By Justice LANG–MIERS.

This is an interlocutory appeal from the trial court's order denying appellant Dung Ngoc Huynh, M.D.'s motion for summary judgment seeking substitution or dismissal under section 101.106(f) of the Texas Civil Practice and Remedies Code. We reverse and remand.

### BACKGROUND

It is undisputed that Everett Washington died at Methodist Dallas Medical Center after receiving an excessive dose of potassium while under the care of Huynh and nurse Demetria Carwile. According to Everett's parents, appellees Kenneth and Betty Washington, Everett had cerebral palsy and was admitted to the hospital after being brought to the emergency room for shortness of breath. He was 25 years old and weighed only 40 pounds. Two days after Everett was admitted, Huynh gave orders to Carwile over the telephone to administer "60 meq" of potassium to Everett twice—once by feeding tube and once intravenously. A few hours later, Everett was pronounced dead.

After Everett's death, the Washingtons sued Huynh, Carwile, and Methodist Health System.[1] In response, Huynh filed a motion for summary judgment seeking substitution or dismissal. In his motion, Huynh argued that at the time of Everett's death, Huynh was a resident physician at the University of Texas Southwestern Medical Center at Dallas (UT Southwestern), and that under section 101.106(f) of the civil practice and remedies code, he is entitled to dismissal because the Washingtons' suit could have been brought against UT Southwestern

---

1. According to Huynh, the other defendants have settled with the Washingtons and are no longer parties in this case.

under section 101.021(2) of the civil practice and remedies code. More specifically, Huynh argued that the Washingtons' claims could have been brought against UT Southwestern because the Washingtons allege that Everett's death was caused by the use of tangible personal property—namely, "the administration/injection of potassium" ordered by Huynh. In response, the Washingtons argued that Huynh is not entitled to substitution or dismissal because their claims could not have been brought against his employer. More specifically, the Washingtons argued that their claims could not be brought against UT Southwestern because the "essence" of their medical negligence claims against Huynh "is his failure to evaluate his patient and to calculate the proper dose of potassium before he ordered it to be given, and his failure to monitor his patient's reaction to the potassium after it was given"—claims for which immunity is not waived. The trial court conducted a hearing on Huynh's motion and signed an order denying it. This appeal followed.

### ANALYSIS

In his motion for summary judgment Huynh relied on sections 101.106(f) and 101.021(2) of the civil practice and remedies code. Section 101.106(f) states as follows:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or

before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f) (West 2005).

After this appeal was briefed and submitted, the Texas Supreme Court decided *Franka v. Velasquez*, 332 S.W.3d 367 (Tex. 2011). Prior to *Franka*, we and other courts had interpreted the phrase "could have been brought under this chapter against the governmental unit" in section 101.106(f) to mean that government-employee defendants had to prove that their employer's governmental immunity was waived under the Texas Tort Claims Act in order to be entitled to dismissal. *See, e.g., Hall v. Provost*, 232 S.W.3d 926, 927–28 (Tex.App.-Dallas 2007, no pet.). As a result, the parties' arguments before the trial court and on appeal focused strictly on whether Everett's death arose from Huynh's use of tangible personal property. In *Franka*, however, the Texas Supreme Court held that "any tort claim against the government is brought 'under' the Act for purposes of section 101.106, even if the Act does not waive immunity" and applied that rule to section 101.106(f). *Franka*, 332 S.W.3d at 375. The court further explained that its construction of section 101.106(f) effectively "foreclose[s] suit against a government employee in his individual capacity if he was acting within the scope of employment." *Id.* at 381. The court also acknowledged that its announcement "changes, among other things, the rule in *Kassen v. Hatley* [887 S.W.2d 4 (Tex.1994) ], which has allowed malpractice suits against physicians employed by the government, even though acting within the scope of employment." *Id.*

In light of *Franka*, we requested supplemental briefing from the parties. Huynh filed a supplemental appellant's brief in which he argued that *Franka* requires us to reverse the trial court's order denying

Huynh's motion for summary judgment and render judgment dismissing the Washingtons' claims against Huynh. We agree with Huynh that under *Franka*, the trial court's order denying Huynh's motion for summary judgment is erroneous. As a result, we reverse the trial court's order.

### CONCLUSION

Under *Franka*, the trial court's order denying Huynh's motion for summary judgment is erroneous. We reverse the trial court's order denying Huynh's motion for summary judgment and remand this case to the trial court for further proceedings consistent with this opinion.