**Reversed and Dismissed; Dismissed; and Memorandum Opinion filed May 17, 2012.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-05-00828-CV
NO. 14-06-00197-CV

_____

**CARMELITA ESCALANTE, M. D., E. EDMUND KIM, M. D., EDGARDO RIVERA, M. D., AND FRANKLIN C. WONG, M. D., Appellants**

**V.**

**DONITA ROWAN AND JAMES NIESE, Appellees**

_____

**DONITA ROWAN AND JAMES NIESE, Appellants**

**V.**

**CARMELITA ESCALANTE, M. D., E. EDMUND KIM, M. D., EDGARDO RIVERA, M. D., AND FRANKLIN C. WONG, M. D., Appellees**

**On Appeal from the 164th District Court
Harris County, Texas
Trial Court Cause No. 04-64492**

# MEMORANDUM OPINION ON REMAND

Donita Rowan and her husband, James Niese, filed suit against Dr. Carmelita P. Escalante, Dr. E. Edmund Kim, Dr. Edgardo Rivera, and Dr. Franklin C. Wong, physicians at The University of Texas M.D. Anderson Cancer Center ("M.D. Anderson"), alleging the doctors were negligent in failing to diagnose and treat the recurrence of Rowan's cancer. The doctors moved to dismiss the suit under section 101.106(f) of the Texas Tort Claims Act, Tex. Civ. Prac. & Rem.Code § 101.106(f), claiming that the suit was based on conduct within the general scope of their employment and that the cause of action could have been brought against M.D. Anderson.

The trial court denied the doctors' motion to dismiss, and they filed an interlocutory appeal. While the appeal was pending, the doctors filed a motion for summary judgment on other grounds, which the trial court granted, and Rowan and Niese appealed. This court consolidated the appeals.[1] We affirmed the denial of the motion to dismiss and reversed the summary judgment. 251 S.W.3d 720, 722 (Tex.App.-Houston [14th Dist.] 2008).

The Supreme Court of Texas has reversed our judgment, stating:

> While this case has been pending on appeal, we have decided *Franka v. Velasquez,* 332 S.W.3d 367 (Tex.2011), holding among other things that, for purposes of section 101.106(f), a tort action is brought "under" the Texas Tort Claims Act, even if the government has not waived its immunity for such actions. 332 S.W.3d at 370–71. In light of *Franka,* we grant the doctors' petition for review, and without hearing oral argument, reverse the court of appeals' judgment and remand the case to the court of appeals for further proceedings. Tex. R. App. P. 59.1.

*Escalante v. Rowan*, 332 S.W.3d 365-66 (Tex. 2011). Accordingly, in light of *Franka*, we reverse the trial court's denial of the doctors' motion to dismiss this lawsuit in Cause No.

---

1 Cause No. 14-05-00828-CV is the doctors' interlocutory appeal from the trial court's denial of their motion to dismiss the lawsuit. Cause No. 14-06-00197-CV is the appeal by Rowan and Niese of the trial court's grant of summary judgment against them.

14-05-00828-CV and render judgment dismissing Rowan's and Niese's claims with prejudice.

The dismissal of the lawsuit makes the issues raised in Cause No. 14-06-00197-CV moot.  That appeal is dismissed.


PER CURIAM


Panel consists of Justices Frost, Boyce, and Mirabal.[2]

.

---

[2] Senior Justice Margaret Garner Mirabal sitting by assignment.