**Brandi KELEMEN, Appellant**

v.

**Robert ELLIOTT, Appellee.**

**No. 01–05–00795–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 12, 2008.

519

Mark W. Stevens, The Law Office of Mark Stevens, Galveston, TX, for Appellant.

John J. Hightower, Brian J. Begle, Olson & Olson, L.L.P., Houston, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HANKS.

## OPINION

ELSA ALCALA, Justice.

Appellant, Brandi Kelemen, appeals the trial court's order dismissing her suit against appellee, Robert Elliott. In her first issue, Kelemen challenges the trial court's dismissal under section 101.106 of the Texas Tort Claims Act by asserting that her suit was not brought "under" the Tort Claims Act and thus section 101.106 did not require dismissal. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 2005 & Supp.2007). We conclude that the trial court erred by dismissing the lawsuit against Elliott under section 101.106 of the Tort Claims Act because (1) Kelemen did not file claims against both Elliott and the City and, therefore, section 101.106(e) does not apply; and (2) Elliott did not carry his burden to show that he was entitled to dismissal under section 101.106(f). We therefore do not reach the second issue asserted in the alternative by Kelemen, in which she asserts that section 101.106 violates the "Open Courts" provision of the Texas Constitution. *See* TEX. CONST. art. I, § 13. We reverse the trial court's order of dismissal and remand the cause.

## Background

According to Kelemen, Elliott assaulted her by "(a) seizing her by the arm and (b) kissing her on the mouth, while both were on duty at the Texas City Police Department" in late October 2004. Kelemen reported the incident to a captain with the Texas City Police Department, and the Department placed Elliott on administrative leave. Less than two months later, the captain told Kelemen that she would no longer be employed by the Department now that her 6–month probationary employment was up because she "did not meet their qualifications."

Kelemen filed suit against Elliott and the City of Texas City, Texas. Against Elliott, Kelemen alleged Texas Penal Code violations of assault, assault on a public servant, and "Official Oppression/Sexual Harassment." [1] Against the City, Kelemen pleaded causes of action for (1) gender discrimination and retaliation in violation of the Texas Commission on Human Rights Act (TCHRA), specifically, sections 21.051 and 21.055 of the Texas Labor Code,[2] and (2) violation of the Whistleblower Act in section 554.002 of the Texas Government Code,[3] which prohibits a local government from taking adverse personnel action against an employee who in good faith reports a violation of law.

The City answered and filed a "Motion to Dismiss Individual Defendant Robert Elliott" under Texas Civil Practice and Remedies Code section 101.106(e).[4] Elliott also answered and filed a motion to dismiss under section 101.106(f).[5] The trial court's written order dismisses with prejudice the lawsuit against Elliott under section 101.106, without specifying whether it was under 101.106(e) or 101.106(f). The trial court severed the suit against Elliott so that it would become a final, appealable order, and the trial court stayed the suit against the City.

1. *See* TEX. PENAL CODE ANN. § 22.01 (Vernon 2003 & Supp.2007) (assault); *id.* § 22.01(b)(1) (assault on public servant); *id.* § 39.03(a)(3) (Vernon 2003) (official oppression and sexual harassment).

2. *See* TEX. LAB.CODE ANN. §§ 21.051, 21.055 (Vernon 2006) (gender discrimination and retaliation).

3. TEX. GOV'T CODE ANN. § 554.002 (Vernon 2004) (Whistleblower Act).

4. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e) (Vernon 2007).

5. *Id.* § 101.106(f).

## Section 101.106 of the Texas Tort Claims Act

In her first issue, Kelemen contends that section 101.106 does not apply because this suit is not "under" the Tort Claims Act. Specifically, Kelemen asserts that she does not rely on the Tort Claims Act to bring her suit against the City or Elliott. Elliott responds that the language "under this chapter" applies to all causes of action, including "intentional torts or other common law claims such as those raised against the individual defendant herein."

### A. Applicable Law

■ Section 101.106, entitled "Election of Remedies," provides:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

. . . .

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2007). The purpose of section 101.106 is "to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 656 (Tex., 2008); *see also Williams v. Nealon,* 199 S.W.3d 462, 465 (Tex.App.-Houston [1st Dist.] 2006, pet. filed) (citing *Waxahachie Indep. Sch. Dist. v. Johnson,* 181 S.W.3d 781, 785 (Tex.App.-Waco 2005, pet. denied)). By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs. *See Garcia,* 253 S.W.3d at 656.

■ Claims against the government brought pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act, such as a suit that is based on the TCHRA, are not brought "under [the Tort Claims Act]." *Garcia,* 253 S.W.3d at 659; *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106; TEX. LAB.CODE ANN.

§§ 21.001–21.556 (Vernon 2006 & Supp. 2007) (TCHRA). The suit under the TCHRA is not "a suit filed under this chapter" and would not come within the purview of section 101.106(e) because the Tort Claims Act expressly provides that the remedies it authorizes "are in addition to any other legal remedies," and the TCHRA provides a statutory remedy for unlawful discrimination. *Garcia*, 253 S.W.3d at 659; *see also* TEX. LAB.CODE ANN. §§ 21.001–21.556. Therefore, section 101.106(e) does not bar recovery for discriminatory wrongful discharge under the TCHRA. *Garcia*, 253 S.W.3d at 659.

The Texas Supreme Court also held in *Garcia* that "the [Tort Claims] Act's election scheme governs all suits against a governmental unit, and … its application here bars all common-law recovery against the superintendent and the school district." *Garcia*, 253 S.W.3d at 654. The common-law claims were against the school district and the superintendent for intentional infliction of emotional distress and against the superintendent alone for defamation, fraud, and negligent misrepresentation. *Id.* The Tort Claims Act provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages. *See id.* at 655–56; TEX. CIV. PRAC. & REM.CODE ANN. § 101.023 (Vernon 2005). The supreme court explained that the common-law claims asserted by Garcia do not fit within the Tort Claims Act's limited waiver of immunity. *Garcia*, 253 S.W.3d at 657–58. However, the supreme court added, "We have never interpreted 'under this chapter' to only encompass tort claims for which the Tort Claims Act waives immunity." *Id.* The supreme court stated,

> Because the Tort Claims Act is the only, albeit limited, avenue for common-law recovery against the government, all tort theories alleged against a government unit, whether it is sued alone or

together with its employees, are assumed to be "under [the Tort Claims Act]" for the purposes of section 101.106.

*Id.* at 659 (citing *Newman v. Obersteller*, 960 S.W.2d 621, 622–23 (Tex.1997)). In short, "all tort theories of recovery alleged against a governmental unit are presumed to be 'under the [Tort Claims Act].'" *Id.*

## B. The City's Motion to Dismiss Elliott under Section 101.106(e)

■ Under section 101.106(e), any suit against Elliott must be dismissed "[i]f a suit is filed under this chapter against both" the City and Elliott. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e). Here, section 101.106(e) does not require dismissal of the claims against Elliott because no suit has been filed under the Tort Claims Act against both the City and Elliott. *See id.* In other words, the claims that, under *Garcia*, would fall under the Tort Claims Act, were filed against Elliott but were not filed against the City. *See Garcia*, 253 S.W.3d at 657–58. Similarly, the claims filed by Kelemen against the City for statutory violations were not filed against Elliott. *See id.* The claims against the City were not claims filed under the Tort Claims Act because they were claims that assert statutory violations that are separate and apart from the Tort Claims Act

Kelemen sued the City and Elliott for distinct conduct. Kelemen asserted claims against Elliott for assault. The claims against the City are for (1) gender discrimination in violation of the TCHRA, Texas Labor Code sections 21.051 and 21.055, and (2) violation of the Whistleblower Act in section 554.002 of the Texas Government Code, based on the City's conduct in terminating Kelemen after she reported Elliott's assault. None of the claims against the City is asserted against Elliott. Like the violation of the TCHRA in *Gar-*

*cia,* which the supreme court determined was not a claim under the Tort Claims Act, the violations asserted here pursuant to the TCHRA and Whistleblower Act are similarly not claims under the Tort Claims Act. *See Garcia,* 253 S.W.3d at 659; *see also* TEX. LAB.CODE ANN. § 21.254 (Vernon 2006) (waiving sovereign immunity for violations of TCHRA); TEX. GOV'T CODE ANN. § 554.0035 (Vernon 2004) (waiving sovereign immunity for Whistleblower Act claims). Like the claim in *Garcia,* the statutory claim under the TCHRA and the claim for the Whistleblower Act violation are claims brought against the government pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act. *See Garcia,* 253 S.W.3d at 659; TEX. LAB. CODE ANN. § 21.254; TEX. GOV'T CODE ANN. § 554.0035. As the supreme court explained, statutory claims with waivers of immunity apart from the Tort Claims Act are not claims under the Tort Claims Act because the Tort Claims Act expressly provides that the remedies it authorizes "are in addition to any other legal remedies." *See Garcia,* 253 S.W.3d at 659. We conclude that the claims filed by Kelemen for violations of the TCHRA and for a violation of the Whistleblower Act are not claims filed under the Tort Claims Act because the claims are filed pursuant to waivers of sovereign immunity that exist apart from the Tort Claims Act. *See Garcia,* 253 S.W.3d at 659; TEX. LAB.CODE ANN. § 21.254; TEX. GOV'T CODE ANN. § 554.0035. Like *Garcia,* the statutory claims here for violations of statutes that are outside the Tort Claims Act do not come within the purview of section 101.106(e). *See Garcia,* 253 S.W.3d at 659. We therefore hold that the requirements of section 101.106(e) do not apply to the statutory claims for violations of the Labor Code and Whistleblower Act filed by Kelemen against the City. *See id.* We also note that Kelemen only sued the City for the claims for violations of the

Whistleblower Act and the TCHRA; she did not sue Elliott for either of those claims.

Concerning the tort claims, Kelemen sued Elliott for Penal Code violations of assault, assault on a public servant, official oppression, and sexual harassment, but she did not file any of those claims against the City. Had Kelemen also sued the City for these claims, these claims would fall under the Tort Claims Act because the claims seek damages against a governmental entity and the term "under this chapter" in the Tort Claims Act includes claims for which the Tort Claims Act does not waive immunity. *See Garcia,* 253 S.W.3d at 659. Because "all tort theories of recovery alleged against a governmental unit are presumed to be 'under the [Tort Claims Act],'" if Kelemen had asserted tort claims against the City and Elliott, the claims against Elliott would be barred under section 101.106(e). *See id.* Kelemen, however, did not assert tort claims against the City and Elliott. She only sought tort claims against Elliott. As we note above, Kelemen sued the City for violations of the Labor Code and the Whistleblower Act, which are claims that do not fall under the Tort Claims Act. *See Garcia,* 253 S.W.3d at 659; TEX. LAB.CODE ANN. § 21.254; TEX. GOV'T CODE ANN. § 554.0035. Although Kelemen sued Elliott for torts that are considered claims under the Tort Claims Act, we hold that section 101.106(e) does not bar the claims Kelemen filed against Elliott because she did not assert any tort claims against the City. *See Garcia,* 253 S.W.3d at 659. In short, Kelemen did not file a suit "under this chapter against both a governmental unit and any of its employees," and thus section 101.106(e) does not bar the claims filed against Elliott. *See id.* Any dismissal under section 101.106(e) would therefore be erroneous.

### C. Elliott's Motion to Dismiss under Section 101.106(f)

■ "[T]o be entitled to a dismissal under section 101.106(f) a defendant must show that the plaintiff's suit (1) was based on conduct within the general scope of the defendant's employment with a governmental unit and (2) could have been brought under the Texas Tort Claims Act against that governmental unit." *Williams,* 199 S.W.3d at 464; *see also* Tex. Civ. Prac. & Rem.Code Ann. § 101.106(f); *Garcia,* 253 S.W.3d at 656 (noting that section 101.106 "force[s] a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable").

Concerning the second prong, the tort claims Kelemen filed against Elliott for assault, assault on a public servant, and "Official Oppression/Sexual Harassment" could have been brought against the City under the Tort Claims Act, as stated by the supreme court. *See Garcia,* 253 S.W.3d at 657-58 (noting that all tort claims against government entity are "under" Tort Claims Act).

■ Elliott, however, fails to meet the first prong. To prevail under the first prong, Elliott must show that the lawsuit against him is for conduct that falls within the general scope of his employment. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106(f). The burden is on Elliott to show his entitlement to the relief sought. *Williams,* 199 S.W.3d at 464; *see also Escalante v. Rowan,* 251 S.W.3d 720, 727 (Tex.App.-[14th Dist.] 2008, pet. filed); *Hall v. Provost,* 232 S.W.3d 926, 929 (Tex. App.-Dallas 2007, no pet.); *Franka v. Velasquez,* 216 S.W.3d 409, 413 (Tex.App.-San Antonio 2006, no pet.).

Elliott did not make any assertion before the trial court, and makes none before this Court, that the acts for which Kelemen sued him were in the general scope of his employment. Further, the record contains no evidence to support a finding that Elliott's general scope of employment included the assault of Kelemen. We thus conclude that Elliott failed to meet the burden required for dismissal under section 101.106(f). *See Escalante,* 251 S.W.3d at 727 (holding employees not entitled to dismissal pursuant to section 101.106(f) where employees "failed to present the trial court with a sufficient record to satisfy their burden"). Any dismissal under section 101.106(f) would therefore be erroneous.

We sustain Kelemen's first issue. Having sustained Kelemen's first issue, we need not decide Kelemen's second issue in which she asserts that section 101.106 violates the Texas Constitution.

### Conclusion

We reverse the order of the trial court and remand the cause.