*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# MEMORANDUM OPINION

No. 04-11-00622-CV

Lynda J. **WATKINS**,
Appellant

v.

Ohunene Ameena **ISA**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2010-CI-11208
Honorable Olin B. Strauss, Judge Presiding

Opinion by:　Phylis J. Speedlin, Justice

Sitting:　Karen Angelini, Justice
　　　　　Sandee Bryan Marion, Justice
　　　　　Phylis J. Speedlin, Justice

Delivered and Filed:　June 6, 2012

REVERSED AND REMANDED

The sole issue in this appeal is whether the trial court erred in granting Dr. Ohunene Isa's motion to dismiss under the election of remedies provision of the Texas Tort Claims Act. Because we hold Isa did not prove she was acting within the scope of her employment at the time of the automobile accident at issue, we reverse the trial court's judgment.

## BACKGROUND

The automobile accident giving rise to the underlying lawsuit occurred on August 5, 2009. Lynda Watkins timely filed her lawsuit against Isa alleging she was negligent in the operation of her motor vehicle causing Watkins's injuries. Isa moved for dismissal of the suit against her asserting that at the time of the accident she was driving in the course and scope of her employment as a medical resident for the Texas Tech University Health Sciences Center, a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West 2011). Isa filed two affidavits in support of her motion to dismiss—the affidavit of Gena Jones[1] and the affidavit of Dr. Terry McMahon.[2] Watkins objected to both affidavits as conclusory. Watkins did not amend her pleading to sue only Texas Tech University Health Sciences Center, but continued her suit against Isa only. The trial court conducted a hearing on Isa's motion to dismiss. The court denied Watkins's objections to the affidavits filed in support of Isa's motion and granted Isa's motion to dismiss her from the suit. This appeal followed. On appeal, Watkins contends that the trial court erred in (1) denying Watkins's objections to the affidavit testimony filed in support of Isa's motion because the affidavits are conclusory, self-serving, and fail to give any foundation to support the conclusions of fact and law made therein, and (2) granting Isa's motion to dismiss because Isa was not sued within the general scope of her employment with a governmental entity.

---

[1] Jones, the Assistant Vice President of Human Resources for Texas Tech University Health Sciences Center, testified in relevant part that Isa was "employed" by TTUHSC from September 1, 2007 until August 31, 2010.

[2] McMahon, Chairman of the Department of Psychiatry for Texas Tech University Health Sciences Center, testified in relevant part that at the time of the accident on August 5, 2009, Isa "was acting within the course and scope of her employment" with TTUHSC.

## APPLICABLE LAW AND BURDEN

Section 101.106 of the Tort Claims Act, entitled "Election of Remedies," contains six subsections, (a) through (f), dealing with grants of immunity and procedural requirements for suits seeking to recover from a governmental unit, its employee, or both. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a)–(f) (West 2011). Subsection (f) of section 101.106 applies when an individual employee of a governmental entity is sued in his official capacity and seeks dismissal based on official immunity. *Id*. at § 101.106(f). Subsection (f) provides,

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

*Id.* Based on the plain language of the statute, it is the governmental employee's burden to seek dismissal under section 101.106(f). *Id.* Thus, as the moving party, it is the employee's burden to present evidence establishing (1) that the suit is based on conduct within the general scope of the employee's employment and (2) that the suit could have been brought under the Texas Tort Claims Act against the governmental unit. *Id.*; *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). Actually, the first prong of the above test encompasses two inquires—whether the individual defendant was an employee of a governmental unit and whether she was acting in the scope of that employment at the relevant time. *Turner v. Zellers*, 232 S.W.3d 414, 417 Tex. App.—Dallas 2007, no pet.), *disapproved on other grounds by Franka*, 332 S.W.3d at 382 n.67.

In the instant case, the parties do not dispute that Texas Tech University Health Sciences Center is a governmental entity, that Isa was an employee of that governmental entity on the day of the accident, or that the suit could have been brought under the Texas Tort Claims Act against

the governmental entity. They do dispute, however, whether Isa was acting within the general scope of her employment at the time of the automobile accident. The Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West Supp. 2011).

## STANDARD OF REVIEW

The election of remedies provision under the current Texas Tort Claims Act confers immunity from suit or recovery. *Franka*, 332 S.W.3d at 371 n.9. "Immunity from suit deprives a trial court of jurisdiction." *City of Houston v. Williams*, 353 S.W.3d 128, 133 (Tex. 2011). We review a trial court's ruling on a challenge to the trial court's subject matter jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We review matters of statutory construction de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008).

## DISCUSSION

Dr. Terry McMahon, Chairman of the Department of Psychiatry for Texas Tech University Health Sciences Center, testified by affidavit that Isa was acting in the course and scope of her employment at the time of the automobile accident. His affidavit reads in relevant part as follows:

> During August of 2009, Dr. Ohunene Ameena Isa was in San Antonio as a part of her residency training with Texas Tech University Health Sciences Center. At the time of the accident on August 5, 2009, Dr. Ohunene Ameena Isa was acting within the course and scope of her employment with Texas Tech University Health Sciences Center.

Watkins filed written objections to McMahon's affidavit[3] and argued during the hearing that the affidavit should be disregarded because it failed to state facts to support the legal conclusion that Isa was acting within the course and scope of her employment with a governmental entity at the time of the accident. The trial court denied Watkins's objections to McMahon's affidavit. We review trial court rulings on the admissibility of evidence under an abuse of discretion standard. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000) (per curiam).

### Evidentiary Challenge to Conclusory Affidavit

"A conclusory statement is one that does not provide the underlying facts to support the conclusion." *Rodriguez v. Wal–Mart Stores, Inc.*, 52 S.W.3d 814, 823 (Tex. App.—San Antonio 2001), *rev'd on other grounds*, 92 S.W.3d 502 (Tex. 2002). Conclusory statements without factual support are not credible, and are not susceptible to being readily controverted. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996) (per curiam); TEX. R. CIV. P. 166a(f) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."). Here, McMahon provides absolutely no factual basis or explanation for his statement that Isa was acting in the course and scope of her employment at the time of the accident. By simply stating "at the time of the accident . . . Isa was acting within the course and scope of her employment with Texas Tech University Health Sciences Center," McMahon asserts only a legal conclusion without factual basis or rationale. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Affidavit testimony that is conclusory is substantively defective and amounts to no evidence. *See Coastal Transport Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004) (opinion testimony that is

---

[3] Watkins also filed objections to the affidavit of Gena Jones who testified that Isa was employed by Texas Tech University Health Sciences Center. However, it is not necessary to our opinion to address Watkins's objections to the Jones affidavit. *See* TEX. R. APP. P. 47.1.

conclusory or speculative is not relevant evidence, because it does not tend to make the existence of a material fact more probable or less probable); *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex. 1991) (testimony comprised only of legal conclusions is insufficient to support summary judgment as a matter of law); *City of Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712, 717 (1956) ("Parol evidence in the form of opinions and conclusions without documentary basis is inadmissible to establish such title, and even if admitted without objection is of no probative force."). For this reason, we conclude the trial court erred when it denied Watkins's objection to McMahon's affidavit. We now turn to the remaining record to determine if there is other proof that Isa was acting in the course and scope of her employment at the time of the accident.

### *Course and Scope of Employment*

As a general rule, an employee is not in the course and scope of his employment while driving his own vehicle to and from his place of work. *See Kennedy v. Am. Nat'l Ins. Co.*, 130 Tex. 155, 107 S.W.2d 364, 365 (1937); *Terrell ex rel. Estate of Terrell v. Sisk*, 111 S.W.3d 274, 278 (Tex. App.—Texarkana 2003, no pet.) (holding that county employee, who killed person with car, did not act in scope of employment because she was on her way to personal appointment in her own car). Although there are exceptions to this general rule, Isa has wholly failed to present any evidence about the circumstances of her driving on the day of the accident. Other than the conclusory statement by McMahon, Isa has presented no evidence that she was in the performance of the duties of her employment at the time of her automobile accident. As stated earlier, we find McMahon's affidavit substantively defective and therefore insufficient as a matter of law. *See Anderson*, 808 S.W.2d at 55. On this record, Isa has failed to meet her burden required for dismissal pursuant to section 101.106(f). *Franka*, 332 S.W.3d at 381; *Univ. of Tex. Health Sci. Ctr. at San Antonio v. Webber-Eells*, 327 S.W.3d 233, 242 (Tex. App.—San

Antonio 2010, no pet.) ("If the plaintiff decides to continue the suit against the employee, the plaintiff need not take any action, and the employee's motion can be granted only if the employee proves that his conduct was within the general scope of his employment and that the suit could have been brought against the governmental unit.").

Nor are we persuaded by Isa's argument that Watkins had a burden to establish that Isa was not acting within the course of her employment. First, that contention is contrary to the plain language of the statute which places the burden on the governmental employee to seek dismissal under section 101.106(f). TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). It is the movant's burden to establish that the conditions of the statute have been met in order to obtain dismissal under section 101.106(f). *See Kelemen v. Elliott*, 260 S.W.3d 518, 520 (Tex. App.— Houston [1st Dist.] 2008, no pet.). In *Kelemen*, a former city police officer brought suit against the city and a fellow officer claiming she was wrongfully terminated after reporting that she had been sexually assaulted. *Id.* Her suit against the city asserted statutory claims of retaliation and discrimination and her suit against the individual officer asserted various common law assault-based claims. *Id.* The city moved to dismiss the individual officer from the lawsuit based on immunity under section 101.106(f). *Id.* The Houston Court of Appeals refused to dismiss the officer because he failed to meet the first prong of his burden of proof, that is, he failed to show that the alleged assault of a fellow officer was within the general scope of his employment with the city. *Id.* at 524.

## CONCLUSION

Because Isa did not meet her burden of establishing that she was acting in the course and scope of her employment with a governmental entity at the time of the automobile accident, we reverse the trial court's judgment and remand the cause to the trial court for further proceedings.

Phylis J. Speedlin, Justice