# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00542-CV

**T. June Melton, Appellant**

**v.**

**Dale Beebe Farrow and Gary W. Raba, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
NO. D-1-GN-13-000806, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

T. June Melton, a professional engineer, sued Dale Beebe Farrow, former Executive Director of the Texas Board of Professional Engineers, and Gary W. Raba, a member of the Texas Board of Professional Engineers, for defamation. Farrow and Raba filed a motion to dismiss the suit pursuant to section 101.106(f) of the Texas Tort Claims Act. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). The trial court granted the motion to dismiss. In two issues, Melton contends that the trial court erred by granting the motion to dismiss and abused its discretion in denying his request for a continuance. We will affirm.

## DISCUSSION

*Motion to Dismiss*

In his petition, Melton alleged that Farrow and Raba defamed him during a 2009 meeting of the Texas Board of Professional Engineers by stating that he had violated the law by

using abusive language and making personal attacks on other engineers and/or engineering firms and by falsely stating that he had been formally disciplined by the Board. Melton asserted that the allegedly defamatory statements were made orally during a public Board meeting and were published in the written minutes of the Board meeting, both of which were available to the public. Farrow and Raba filed a motion to dismiss the claims pursuant to Texas Civil Practice and Remedies Code section 101.106(f), which provides:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as a defendant on or before the 30th day after the date the motion is filed.

*Id.* Pursuant to this statute, a defendant is entitled to dismissal under section 101.106(f) upon proof that the plaintiff's suit (1) was based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the Tort Claims Act. *Id.*; *see also Franka v. Velasquez*, 332 S.W.3d 367, 369 (Tex. 2011); *University of Tex. Health Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401 (Tex. 2011).

Farrow and Raba moved to dismiss Melton's suit asserting that, because the basis for Melton's defamation claim was conduct that was within the general scope of their employment with the Board, it was against them in their official capacities. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). They argued that if Melton failed to substitute the Board as the defendant, the suit must be dismissed pursuant to the election of remedies provision of the Tort Claims Act. *Id.* (allowing

2

governmental employee to force claimant to dismiss employee and name governmental employer as defendant instead by demonstrating that conduct at issue was within scope of his or her employment).

Melton responded that Farrow and Raba were not acting within the scope of their employment when they made the allegedly defamatory statements. According to Melton, the statements were made "within an independent course of conduct not intended . . . to serve any purpose of their employer," and were "intentional, malicious and motivated by personal spite." In support of his response to the jurisdictional challenge, Melton attached an affidavit in which he averred that "In 2009, unbeknownst to me, Defendants made statements concerning me during a [Texas Board of Professional Engineers] meeting. . . . The statements were made orally during a public board meeting and published by writing in the minutes of the meeting." As an exhibit to his affidavit, Melton attached an email he received from Marcella A. Della Casa, an attorney who had retained Melton as an expert witness in a case she was handling for a San Antonio-area homebuilder. Della Casa's email, dated April 11, 2012, reported to Melton:

> This is on the board website
>
> Ms. Beebe Farrow said that Mr. T. June Melton sent a copy to all the Board members regarding a recent case against him. She added that the Board did not censure his license but simply issued a warning not to use abusive language and/or personal attacks. A response to his initial letter was sent. At Mr. Melton's request, his response was included as an exhibit. Mr. Melton faxed another response stating that the Board has taken his Freedom of Speech by asking him to use proper language. The Committee reviewed and considered Mr. Melton's request but took no action. It was MOVED/SECONDED (Raba/Reyna) to recommend to the Board that no action be taken regarding Mr. T. June Melton, P.E.

3

Melton averred that the statements Della Casa saw on the Board's website caused her to fire him as an expert witness and that since April 2012, his engineering business in San Antonio has greatly diminished.

Melton did not amend his petition to name the Board as the defendant within thirty days after Farrow and Raba filed their motion to dismiss. The trial court granted the motion and dismissed Melton's claims against Farrow and Raba. On appeal, Melton argues that the trial court erred in granting the motion to dismiss because there were fact questions regarding whether Farrow and Raba were acting within the general scope of their employment as was required for dismissal pursuant to section 101.106(f).

The dispositive issue is whether the conduct giving rise to Melton's defamation claim was within the general scope of Farrow's and Raba's employment. If it was, Melton's suit was against Farrow and Raba in their official capacities only, and the trial court was required by section 101.106(f) to dismiss the suit when Melton failed to amend his pleadings to substitute the Board as the defendant on or before the 30th day after the date the motion to dismiss was filed. *Id.* The Tort Claims Act defines "scope of employment" as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code § 101.001(5). *Compare Anderson v. Bessman*, 365 S.W.3d 119, 126 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (department chairpersons acted within scope of employment when recommending faculty members from their departments for termination during state of financial exigency); *Poland v. Willerson*, No. 01-07-00198-CV, 2008 WL 660334, at *7 (Tex. App.—Houston [1st Dist.]

4

Mar. 13, 2008, pet. denied) (mem. op.) (doctor who was allegedly negligent in performing surgery on patient acted in scope of employment within meaning of Act because he averred that he provided medical care in course and scope of employment with governmental unit) *with Kelemen v. Elliott*, 260 S.W.3d 518, 524 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (no evidence that officer was acting in scope of employment when he kissed fellow officer without consent while on duty); *Terrell ex rel. Estate of Terrell v. Sisk*, 111 S.W.3d 274, 278 (Tex. App.—Texarkana 2003, no pet.) (employee who killed person with car did not act in scope of employment because she was traveling to personal appointment in her own car). "An official acts within the scope of her authority if she is discharging the duties generally assigned to her." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994).

Melton's defamation claim arises out of statements made by a Board member and its Executive Director relating to the Board's investigation of a complaint filed against Melton. The Board is required to investigate complaints made against its licensees, and has the authority to resolve a complaint and initiate a disciplinary proceeding against the person who is the subject of a complaint. *See* Tex. Occ. Code § 1001.252 (general rules regarding complaint investigation and disposition). Melton's petition and affidavit make it plain that the statements he complains of were made during the course of a Board meeting and were regarding the Board's investigation of a complaint filed against Melton. The substance of the statements was a description of the Board's response to a letter Melton sent to the Board regarding the Board's disposition of the complaint. It is evident from Melton's own pleadings and evidence that Farrow and Raba were acting within the general scope of their employment—discussing a complaint filed against a licensee during a Board meeting—when they made the statements forming the basis of Melton's defamation claim.

5

Nevertheless, Melton argues on appeal that Farrow's and Raba's conduct was "within an independent course of conduct not intended by the employee to serve any purpose of the employer." To support this argument, Melton relies on his allegations that Farrow's and Raba's conduct was intentional, malicious, and motivated by personal spite. He maintains that there are fact issues regarding Farrow's and Raba's motivations for making the allegedly defamatory statements and those fact issues preclude a conclusive determination that they were acting within the general scope of their employment. We reject this argument. Texas appellate courts have consistently held that acts may still be within the scope of the employee's duties even if the specific conduct that forms the basis of the suit was wrongly or negligently performed or driven by personal animus. *See, e.g.*, *Hopkins v. Strickland*, No. 01-12-00315-CV, 2013 WL 1183302, at *3-4 (Tex. App.—Houston [1st Dist.] Mar. 21, 2013, no pet.) (mem. op.) (allegedly slanderous statement made within general scope of mayor's duties because made while mayor was acting within scope of his authority and performing his general duties); *Anderson*, 365 S.W.3d at 126 (fact that conduct may be driven by personal motives does not prevent act from being within scope of employment). The relevant inquiry is not into the reasons motivating the conduct complained of but whether that conduct fell within the general scope of that employee's employment. *See* Tex. Civ. Prac. & Rem. Code § 101.106(f). Melton has not alleged any acts by Farrow or Raba that fall outside the general scope of their employment nor has he identified any independent course of conduct Farrow or Raba engaged in beyond executing their authorized actions as Board members. The trial court was required to dismiss Melton's suit when he failed to substitute the Board as a defendant within the statutory time frame, and did not err in doing so. We overrule Melton's first appellate issue.

6

*Motion for Continuance*

In his second appellate issue, Melton asserts that the trial court abused its discretion in denying his motion for continuance. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) ("When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion."). A trial court abuses its discretion when it acts in a manner so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Id.* As an initial matter, we observe that Melton's request for a continuance was primarily based on his stated need to conduct discovery in order to adequately respond to a motion for summary judgment filed by Farrow and Raba, in which they argued that Melton's defamation claim was barred by the applicable statute of limitations. However, having granted the motion to dismiss, the trial court did not rule on the motion for summary judgment. Any error in denying the continuance based on Melton's request to conduct discovery necessary to respond to the summary judgment would have been harmless. *See* Tex. R. App. P. 44.1(a)(1). Thus, we need not consider whether the trial court abused its discretion in denying a motion for continuance requested for the purpose of conducting discovery on the issue of limitations.

Melton's motion also requested the continuance for the purpose of conducting discovery in order to respond to Farrow and Raba's motion to dismiss pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code. Specifically, Melton asserted that he needed a continuance "to secure testimony from [] witnesses regarding the motivation for making defamatory statements." To determine whether a trial court abused its discretion in denying a motion for continuance that seeks additional time for discovery, we consider the following non-exclusive list

7

of factors: (1) the length of time the case has been on file; (2) the materiality and purpose of the discovery sought; and (3) whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *Joe*, 145 S.W.3d at 161. As we have set forth above, the motive for making the alleged defamatory statements, which relate to the investigation of a complaint against a Board licensee, would not transform Farrow's or Raba's statements from being conduct within the general scope of their employment to constituting an independent course of conduct not intended to serve any purpose of their employer. Thus, the discovery Melton sought to obtain during the requested continuance was not material to any issue related to the merits of the motion to dismiss. We hold that the trial court did not abuse its discretion in denying the motion for continuance. We overrule Melton's second issue.

## CONCLUSION

Having overruled Melton's two appellate issues, we affirm the trial court's order of dismissal.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: February 10, 2015

8