ACCEPTED
04-15-00068-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/10/2015 1:27:26 PM
KEITH HOTTLE
CLERK

**No. 04-15-00068-CV**

IN THE TEXAS COURT OF APPEALS
FOURTH COURT OF APPEALS
AT SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

8/10/2015 1:27:26 PM

KEITH E. HOTTLE
Clerk

JOHN M. DONOHUE

APPELLANT

VS.

PERLA DOMINGUEZ and KEVIN NAKATA,
In Their Individual Capacities

APPELLEES

Appealed from the 57th Judicial District Court

Bexar County, Texas

---

**APPELLEES' BRIEF**

---

Mark Kosanovich
State Bar No. 00788754
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121
mk@fitzkoslaw.com
Phone: (210) 207-7259
Fax: (210) 207-8997

ATTORNEY FOR APPELLEES,
PERLA DOMINGUEZ and KEVIN NAKATA

# INDENTITIES OF PARTIES AND COUNSEL

**Appellant**

John M. Donohue – *pro se*

John M. Donohue
Duncan Unit
1502 South 1ˢᵗ Street
Diboll, Texas  75941

**Appellees' Counsel**

Perla Dominguez & Kevin Nakata

Mark Kosanovich
Fitzpatrick & Kosanovich, P.C.
P.O. Box 831121
San Antonio, Texas  78283-1121
mk@fitzkoslaw.com
(210) 207-7259 – Telephone
(210) 207-8997 – Facsimile

# TABLE OF CONTENTS

INDENTITIES OF PARTIES AND COUNSEL ...................................................... i

TABLE OF CONTENTS.......................................................................... ii

TABLE OF AUTHORITIES ................................................................ iii

STATEMENT OF THE CASE.................................................................v

STATEMENT REGARDING ORAL ARGUMENT ............................................ vi

ISSUES PRESENTED.................................................................... vii

STATEMENT OF FACTS ...............................................................1

SUMMARY OF THE ARGUMENT ...................................................................2

ARGUMENT ..................................................................................2

    I.    Standard of Review for a Motion to Dismiss ...............................................2

    II.    Appellant failed to preserve error for review on appeal of Appellant's argument that his suit was improperly dismissed by the trial court because he was not afforded meaningful discovery and because a court reporter was not present to record Appellant's verbal testimony provided through a teleconference...........3

    III.    The trial court did not commit error when it dismissed the claims against Appellees because all of Appellant's claims were brought under the Texas Tort Claims Act making the claims subject to dismissal through the election of remedies provisions of the Texas Tort Claims Act.................................................4

    IV.    The trial court did not commit error when it dismissed Appellant's claims pursuant to TEX. CIV. PRAC. & REM. CODE §101.106(f) because Appellees' conduct when they arrested Appellant was within the general scope of their employment..................................................................................8

CONCLUSION ...........................................................................10

PRAYER .....................................................................................10

CERTIFICATE OF COMPLIANCE................................................................12

CERTIFICATE OF SERVICE .................................................................13

# TABLE OF AUTHORITIES

## Cases

*Alexander v. Walker*
  435 S.W.3d 789 (Tex. 2014)..................................................................................9

*American Transitional Care Ctrs. of Texas, Inc. v. Palacios*
  46 S.W.3d 873 (Tex. 2001)....................................................................................2

*Burdett v. Doe*
  2008 WL 5264913 (Tex. App. – Austin Dec. 17, 2008, *no pet.*) ..........................7

*City of Webster v. Myers*
  360 S.W.3d 51 (Tex. App. Houston [1st Dist.] 2011, *pet. denied*); ........................7

*Franka v. Vasquez*
  332 S.W.3d 367 (Tex. 2011)...................................................................................6

*Kelemen v. Elliott*
  260 S.W.3d 518
  (Tex. App. Houston – 2008 [1st Dist.], *no pet*.). .....................................................7

*Mission Consolidated Indep. Sch. Dist. v. Garcia*
  253 S.W.3d 653 (Tex. 2008)...............................................................................5, 7

*Singleton v. Casteel*
  267 S.W.3d 547 (Tex. App. – Houston [14th Dist.] 2008, *pet. denied*). .................3

*Texas Adjutant General's Office v. Ngakoue*
  408 S.W.3d 350 (Tex. 2013)...................................................................................5

*U. Lawrence Boze' & Assoc. P.C. v. Harris County Appraisal Dist.*
  368 S.W.3d 17 (Tex. App. – Houston [1st Dist.] 2011, *no pet.*) ............................4

## Statutes

TEX. CIV. PRAC. & REM. CODE §101.001(5)..............................................................8
TEX. CIV. PRAC. & REM. CODE §101.021(1)-(2).......................................................5
TEX. CIV. PRAC. & REM. CODE §101.106(f)....................................................... passim

## **Rules**

TEXAS RULE APPELATE PROCEDURE 33(a)(1) ...........................................................3,4

## **Treatises**

Restatement (Third) of Agency §7.07(2)................................................................9

## STATEMENT OF THE CASE

*Nature of the Case*:  Appellant filed suit against the San Antonio Police Department, the San Antonio Chief of Police, Perla Dominguez, Bexar County EMS and Officer John Doe, asserting claims for false imprisonment, assault, aggravated assault, claims under the Texas Penal Code and claims under the Texas Constitution. The facts giving rise to Appellant's suit stemmed from his arrest in on August 2, 2013.

*Trial Court's
Proceedings and
Disposition*:  The Honorable Laura Salinas heard Perla Dominguez's Motion to Dismiss and Kevin Nakata's Motion to Dismiss on January 8, 2015. (CR 138-141, CR 153-158). On this same day, Judge Salinas granted Appellees' Motions to Dismiss. (CR 200). Appellant filed a Motion to Reinstate Perla Dominguez and Kevin Nakata as Defendants on January 23, 2015. (CR 212-217). The Honorable Laura Salinas denied Appellant's Motion to Reinstate Perla Dominguez and Kevin Nakata as Defendants on January 30, 2015. (CR 223). On February 13, 2015, Appellant filed his Notice of Interlocutory Appeal. (CR 227-237).

*Requested Disposition
From This Court*:  Appellees request that this Court affirm the judgment of the trial court.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not request oral argument in this matter.

# ISSUES PRESENTED

**ISSUE NO. 1 RESTATED:**

Whether Appellant failed to preserve error for review on appeal his allegations that he was not afforded meaningful discovery and that a court reporter was not present to record Appellant's testimony?

Appellant failed to preserve error for review on appeal of Appellant's argument that his suit was improperly dismissed by the trial court because he was not afforded meaningful discovery and because a court reporter was not present to record Appellant's verbal testimony provided through a teleconference.

**ISSUE NO. 2 RESTATED:**

Did the trial court commit error when it dismissed Appellant's claims under TEX. CIV. PRAC. & REM. CODE §101.106(f) because Appellant's claims under the Texas Penal Code and the Texas Constitution were not claims that fell under the Texas Tort Claims Act?

The trial court did not commit error when it dismissed the claims against Appellees because all of Appellant's claims were brought under the Texas Tort Claims Act making the claims subject to dismissal through the election of remedies provisions of the Texas Tort Claims Act.

**ISSUE NO. 3 RESTATED:**

Did the trial court commit error when it dismissed Appellant's claims pursuant to TEX. CIV. PRAC. & REM. CODE §101.106(f) because Appellees' conduct when they arrested Appellant was not within the general scope of their employment?

The trial court did not commit error when it dismissed Appellant's claims pursuant to TEX. CIV. PRAC. & REM. CODE §101.106(f) because Appellees' conduct when they arrested Appellant was within the general scope of their employment.

## STATEMENT OF FACTS

Appellees, Perla Dominguez and Kevin Nakata are San Antonio Police Department officers. Appellant, Donohue, who is currently incarcerated, was arrested by Appellees on August 7, 2013 and transported to University Hospital in San Antonio.[1] (CR 72, 75).[2] According to Appellant, prior to his arrest he called the police department to have a police report taken at his mother's house regarding items involved in a divorce. (CR 71-17). Appellant claims that he was supposed to meet the officers at the house, but his mother called and told him the officers were already at the residence. (CR 72-73). When Appellant arrived at the house, Officer Dominguez and another officer (who was later identified as Officer Nakata) were at the house. (CR 72). Appellant, who refused to get out his truck once getting to the scene, talked to the officers on his cell phone. (CR 73). Eventually, Appellant got out of the truck. (CR 74). Once outside the truck, Appellant claims the officers jumped on him, threw him to the ground, pulled his arms behind his back and tightened the handcuffs that were put on him. *Id.* Appellant claims he was placed in the back of a patrol car. (CR 75). Appellant

---

[1] The facts of this case are drawn from Appellant's "*2nd Amendment to Plaintiff's Original Claim for Assault and False Imprisonment*" verified on October 7, 2014. (CR 71-77). Appellant filed motions to "supplement his allegations and claims as to both Appellees on November 24, 2014. (CR 105-129). On November 24, 2014 – the same date as the "supplemental" filings – the clerk filed "*Petitioner's Original Complaint and Claims for False Imprisonment and Assault.*" (CR 130-137).

[2] "CR" denotes Clerk's Record. The page references after "CR" point to the pagination added by the Clerk.

claims that while his legs were outside of the patrol car, he was kicked by Officer Nakata. *Id.* Appellant claims he was transported to the University Hospital Emergency Room. *Id.* Appellant filed his suit on August 7, 2014. (CR 1-8).

Appellant filed suit in this case on August 7, 2014. (CR 1-8) Appellees Dominguez and Nakata filed their motions to dismiss under Texas Civil Practice and Remedies Code §101.106. (CR 138-141, 153-158) This matter was heard on January 8, 2015, and the motion was granted by the Honorable Laura Salinas. (CR 200). Appellant filed a Motion to reinstate his claims against these Appellees, which was denied by Judge Salinas. (CR 212-217, 223). Appellant subsequently filed this appeal.

## SUMMARY OF THE ARGUMENT

The trial court properly dismissed all of Appellant's claims for assault, false imprisonment, claims under the Texas Penal Code and his claims under the Texas Constitution pursuant to TEX. CIV. PRAC. & REM. CODE §101.106(f).

## ARGUMENT

### I.    Standard of Review for a Motion to Dismiss

Generally, a trial court's order for a motion to dismiss is reviewed under an abuse of discretion standard. *American Transitional Care Ctrs. of Texas, Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001). However, the proper standard of review is not necessarily determined by the caption on the motion to which the

order relates, rather it is determined by the substance of the issue to reviewed. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App. – Houston [14th Dist.] 2008, *pet. denied*). A motion under §101.106(f) raises an issue of official immunity. *Id.* If official immunity applies, the trial court lacks subject matter jurisdiction over the case. *Id.* Subject matter jurisdiction is a question of law which an appellate court reviews de *novo*. *Id.*

**II.** **Appellant failed to preserve error for review on appeal of Appellant's argument that his suit was improperly dismissed by the trial court because he was not afforded meaningful discovery and because a court reporter was not present to record Appellant's verbal testimony provided through a teleconference.**

Appellant claims that the trial court committed error by dismissing his case without affording him reasonable discovery and by not having a court reporter present to record testimony. **Appellant's Brief, p. 3.** Appellant contends that Officer Dominguez was "hostile to discovery" and that Officer Nakata refused to respond to discovery. **Id.** Between the hostility and the refusal to respond, Appellant contends he was denied access to police reports, witness statements and hospital records necessary to support his claims. **Id., p. 4.** Appellant contends that further discovery will prove his claims are true and correct. **Id.**

Appellant failed to preserve any error regarding discovery or the lack of a court reporter taking testimony. Under Tex. R. App. P. 33(a)(1), a party seeking to preserve error for appellate review must show that the complaint was made to the

3

trial court and the trial court either ruled on the motion or refused to rule on the motion. **TEX. R. APP. P. 33(a)(1);** *U. Lawrence Boze' & Assoc. P.C. v. Harris County Appraisal Dist.*, 368 S.W.3d 17, 33 (Tex. App. – Houston [1st Dist.] 2011, no pet.)(*to preserve error on a discovery dispute, the appealing party must obtain a ruling by the trial court on the discovery issue*). In this case, Appellant failed to obtain a ruling from the trial court regarding any discovery dispute or the alleged failure to have a record made of testimony. Since Appellant failed to preserve error regarding his claims regarding discovery and the recording of testimony, the trial court did not commit reversible error.

**III.   The trial court did not commit error when it dismissed the claims against Appellees because all of Appellant's claims were brought under the Texas Tort Claims Act making the claims subject to dismissal through the election of remedies provisions of the Texas Tort Claims Act.**

Appellant appears to argue two different reasons that the claims he is pursuing do not fall under the provisions of the Texas Tort Claims Act (TTCA) and thus are not subject to dismissal under TEX. CIV. PRAC. & REM. CODE §101.106(f). He contends that he is pursuing criminal acts under the Texas Penal Code and that they do not fall under the TTCA. **Appellant's Brief, p. 5.** He also contends that his "state and constitutional claims are not barred by immunity."[3]

---

[3] Appellant's "*2nd Amendment*" pleading does not contain a reference to the Texas Constitution. However, his supplements as to both Appellees, which he claimed were incorporated into his

4

***Id.*, p. 11.**  As to his constitutional allegations, Appellant contends that the trial court erred in not addressing the claims.  **Id.**

The TTCA provides for a limited waiver of immunity for certain torts against the government.  ***Texas Adjutant General's Office v. Ngakoue***, 408 S.W.3d 350, 354 (Tex. 2013).  Generally, a governmental unit can be liable under the TTCA for the property damage, personal injury or death caused by the wrongful act or omission or negligence of an employee acting within the scope of his or her employment for an injury that arises from the operation or use of a motor-driven vehicle if the employee would be liable under Texas law or for personal injury or death caused by the use or misuse of tangible personal property.  **TEX. CIV. PRAC. & REM. CODE §101.021(1)-(2).**  The TTCA contains an election-of-remedies provision which requires a determination as to whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable.  ***Mission Consolidated Indep. Sch. Dist. v. Garcia***, 253 S.W.3d 653, 657 (Tex. 2008).  The election-of-remedies provision requires a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the TTCA or proceeding against the employee alone.  ***Id.***  Section 101.106

---

second amendment reference the Texas Constitution.  (CR 108, 119).  Assuming these claims are before the Court, they are subject to dismissal.

5

narrows the issues for trial and reduces delay and duplicative litigation costs. *Id.*

In relation to the issues in this suit, §101.106(f) provides the following:

> If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30[th] day after the date the motion is filed.

**TEX. CIV. PRAC. & REM. CODE §101.106(f).**

When Appellant filed this suit, he specifically identified the San Antonio Police Department, the San Antonio Police Chief, Officer Dominguez, Officer John Doe and Bexar County EMS as defendants in both their individual and official capacities. (CR 1). Under Texas law, a suit against a government employee in his official capacity is a suit against his government employer with one exception: an action alleging that the employee acted *ultra vires*. ***Franka v. Vasquez***, 332 S.W.3d 367, 382 (Tex. 2011). Since Appellant sued both Appellees in their individual and official capacities and he also brought suit against governmental entities, he made the irrevocable election to file suit against governmental units and the individual Appellees.

Appellant appears to be arguing that since he is asserting claims under the Penal Code, his claims are not being brought "under" the TTCA. **Appellant's**

6

**Brief, p. 5.** He contends he is seeking a remedy under the Penal Code. *Id.* To the extent Appellant asserts his claims do not fall under the TTCA and are not subject to §101.106, this argument is incorrect. Because the TTCA is the only, albeit limited, avenue for common law recovery against the government, all tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be under the TTCA for purposes of §101.106. *Garcia*, 253 S.W.3d at 659. Claims brought under the Penal Code fall under the TTCA if they seek damages against the governmental unit because the term "under this chapter" in the TTCA includes claims for which the TTCA does not waive liability. *Kelemen v. Elliott*, 260 S.W.3d 518, 523 (Tex. App. Houston – 2008 [1st Dist.], *no pet.*). Appellant sought compensatory damages for the Penal Code violations. (CR 7). Appellant's "supplemental" pleadings as to both Appellees stated that he was seeking compensatory damages for, among other things, the Penal Code. (CR 111, 119). Therefore, the claims fall under the TTCA and they are subject to dismissal under §101.106(f).

Appellant's claims under the Texas Constitution also fall under the TTCA. A claim seeking damages for alleged constitutional violations is brought under the TTCA for purposes of §101.106. *City of Webster v. Myers*, 360 S.W.3d 51, 60 (Tex. App. Houston [1st Dist.] 2011, *pet. denied*); *See Burdett v. Doe*, 2008 WL 5264913, at *3 (Tex. App. – Austin Dec. 17, 2008, *no pet.*)(*while framed as a*

*constitutional violation, the plaintiff's suit sought damages against the city and was considered to be brought under the TTCA for purposes of §101.106).* In the "supplemental" pleadings filed by Appellant as to both Appellees, Appellant clearly states that he is seeking compensatory damages, amongst other damages and claims, under the Texas Constitution. (CR 111, 119). As such, Appellant's claims under the Texas Constitution were under the TTCA and were subject to the provisions of §101.106.

Since Appellants' claims under the Penal Code and the Texas Constitution were for damages, they fell under the TTCA and the provisions of §101.106. Therefore, the trial court did commit error in dismissing these claims and the judgment of the trial court should be affirmed.

**IV.  The trial court did not commit error when it dismissed Appellant's claims pursuant to TEX. CIV. PRAC. & REM. CODE §101.106(f) because Appellees' conduct when they arrested Appellant was within the general scope of their employment.**

Appellant makes two arguments claiming the trial court erred when it dismissed his suit involving the scope of Appellee's employment. **Appellant's Brief, p. 7, 9.** Appellant contends that both Appellees acted outside the scope of their employment. **Id., p. 7.** He also contends that Appellees cannot satisfy the first prong of §101.106(f) because they operated outside the scope of their authority and are not entitled to official immunity. **Id., p. 10.**

8

The TTCA defines the term "scope of employment" as the "performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." **TEX. CIV. PRAC. & REM. CODE §101.001(5).** The Restatement (Third) of Agency provides additional clarification by defining the term negatively: "an employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014); *quoting* **Restatement (Third) of Agency §7.07(2)**. Arresting an individual in the course of employment for a governmental entity is conduct that falls within the general scope of an officer's employment. *Id.*, at 792. In *Alexander*, the plaintiff brought suit alleging assault, conspiracy, slander, false arrest, false imprisonment and malicious prosecution against two officers who had arrested plaintiff on two separate occasions. The court held that the officers' conduct was within the scope of their employment. *Id.* The court reasoned that the plaintiff had failed to allege any independent course of conduct by the officers not intended to serve any purpose of the law enforcement agency. *Id.* The court also reasoned that the claims against the two officers were identical to the tort claims brought against the governmental unit in another suit. *Id.*

Like the plaintiff in *Alexander*, Appellant has sued Appellees in this matter alleging claims for assault and false imprisonment related to his arrest and named the SAPD as a liable party for the identical torts. Furthermore, Appellant's allegations against Appellees are for their actions while they were acting as police officers for the SAPD. Appellant's allegations fail to identify any independent course of conduct by Appellees that was not done for the SAPD. Therefore, Appellees conduct was done within the scope of their employment and their claims were subject to dismissal under §101.106(f). As such, the trial court did not commit error when it dismissed Appellant's claims. Therefore, the judgment of the trial court should be affirmed.

## CONCLUSION

The trial court properly granted Appellees' Motions to Dismiss under §101.106(f) because Appellant made an irrevocable election to sue Appellees and all the other Defendants in their individual and official capacities. Pursuant to §101.106(f), the claims against Appellees were properly dismissed because all of the claims asserted by Appellant were brought under the TTCA and Appellees actions were within the scope of their employment. Since the trial court did not commit error, the judgment of the trial court should be affirmed.

## PRAYER

10

WHEREFORE, PREMISES CONSIDERED, Appellees Perla Dominguez and Kevin Nakata, respectfully pray that this Court affirm the trial court's judgment dismissing Appellant's claims and for such other relief to which Appellees might be entitled at law or in equity.

Respectfully submitted,

Mark Kosanovich
Fitzpatrick & Kosanovich, P.C.
P.O. Box 831121
San Antonio, Texas 78283-1121
mk@fitzkoslaw.com
Telephone: 210-207-7259
Telecopier: 210-207-8997

By:  */s/ Mark Kosanovich*
    Mark Kosanovich
    State Bar No. 00788754

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), undersigned counsel for Appellees certifies that the number of words in this document, excluding those properly excluded under Texas Rule of Appellate Procedure 9.4(i)(1), is 2360.

*/s/ Mark Kosanovich*
Mark Kosanovich

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the APPELLEES' BRIEF was forwarded via certified U.S. Mail to the following on the 10th day of August, 2015, to:

John M. Donohue - 1895073
Duncan Unit
1502 South 1st Street
Diboll, Texas  75941

/s/ Mark Kosanovich
Mark Kosanovich
